## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and<br>2) OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>1) GMX RESOURCES INC.,<br>2) KEN L. KENWORTHY, JR.,<br>3) JAMES A. MERRILL,<br>4) JEFFERIES & COMPANY, INC.,<br>5) HOWARD WEIL INCORPORATED,<br>6) MORGAN KEEGAN & COMPANY, INC.,<br>7) CAPITAL ONE SOUTHCOAST, INC.,<br>8) COLLINS STEWART LLC,<br>9) PRITCHARD CAPITAL PARTNERS, LLC,<br>10) TUDOR, PICKERING, HOLT & CO. SECURITIES, INC.,<br>11) MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br>12) BBVA SECURITIES INC.,<br>13) FORTIS SECURITIES LLC,<br>14) WEDBUSH MORGAN SECURITIES INC.,<br>15) CREDIT SUISSE SECURITIES (USA) LLC and<br>16) SMITH CARNEY & CO., P.C.,<br><br>    Defendants. | Case No. CIV-11-_____<br><br>Removed from:<br><br>The District Court in and for Oklahoma County, Oklahoma; Case No. CJ-2011-1664<br><br>CLASS ACTION |

## **NOTICE OF REMOVAL**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants, GMX Resources, Inc.; Ken L. Kenworthy, Jr.; James A. Merrill; Jefferies & Company, Inc.; Howard Weil Incorporated; Morgan Keegan & Company, Inc.; Capital One Southcoast, Inc.; Collins Stewart LLC; Pritchard Capital Partners, LLC; Tudor, Pickering, Holt & Co. Securities, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; BBVA Securities, Inc.; Fortis Securities LLC; Wedbush Morgan Securities, Inc.; Credit Suisse Securities (USA) LLC; and Smith Carney & Co., P.C. (collectively, "Defendants") hereby remove to the United States District Court for the Western District of Oklahoma the lawsuit – and all claims and causes of action therein – that was pending in the District Court of Oklahoma County, State of Oklahoma, and captioned *Northumberland County Retirement System & Oklahoma Law Enforcement Retirement System v. GMX Resources, Inc., et al.*, Case No. CJ-2011-1664. This action is removable under 28 U.S.C. § 1441 and 15 U.S.C. §§ 77v(a), 77p(c).

As grounds for removal, Defendants state as follows:

1. Plaintiffs filed this putative class action on behalf of themselves and all others who acquired stock in GMX Resources, Inc. ("GMX") pursuant to the company's July 2008, May 2009, and October 2009 stock offerings. Pet. ¶ 1; Pet. ¶ 59. Plaintiffs allege that the members of the class are "so numerous that joinder of all members is impracticable," and that the class may include "thousands of persons." Pet. ¶ 60. They also assert that "[q]uestions of law and fact common to the members of the Class … predominate over questions which may affect individual Class members." Pet. ¶ 61.

2.      The Petition alleges, among other things, that the various offering materials for each of the stock offerings at issue "contained materially untrue statements" and that the offering materials "made untrue statements and material omissions during the relevant time period," all in violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l, and 77o) (the "Securities Act").  *See* Pet. ¶¶ 1-11.  At all relevant times, GMX's stock traded on the National Market System of the Nasdaq Stock Market ("NASDAQ"), and in December 2009 GMX's stock moved to the New York Stock Exchange ("NYSE").

3.      This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because it asserts claims purporting to arise under the laws of the United States: namely, the Securities Act.  Section 22(a) of the Securities Act provides that the "district courts of the United States" shall have jurisdiction "of all suits in equity and actions at law brought to enforce any liability or duty created" by the Securities Act. 15 U.S.C. § 77v(a).

4.      Pursuant to 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed."  Because this is a civil action over which this Court has original jurisdiction, and because Congress has not expressly provided otherwise, it is removable under 28 U.S.C. § 1441.  Indeed, as will be explained herein, in 1998 Congress expressly provided that putative class actions such as this under the Securities Act *are* subject to removal and, in fact, conferred exclusive jurisdiction over such actions to the federal courts.  Plaintiffs are expected to disagree

with this, as they asserted incorrectly in the Petition that their claims are not removable pursuant to the anti-removal provision of the Securities Act.  Pet. ¶ 12 (citing 15 U.S.C. §77v(a)).  However, Plaintiffs failed to take account of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), which amended the Securities Act by expressly divesting state courts of all jurisdiction over "covered" class actions filed under the Securities Act (such as this case) and expressly permitting the removal of such actions to federal court.[1]

5.   Section 22(a) of the Securities Act (15 U.S.C. §77v(a)) states that claims arising under the Securities Act may be brought in State court "except as provided in Section 16 with respect to covered class actions."  Section 22(a) further provides that "Except as provided in Section 16(c), <u>no case arising under this Act and brought in any State court of competent jurisdiction shall be removed.</u>"  Many courts, and the more recent decisions to address the issue, have held that covered class actions asserting Securities Act claims are removable under SLUSA.  Although some courts have held that such actions are not removable, these courts failed to properly parse the statutory language and failed to consider the purposes of SLUSA.  By its express terms, the "removal bar" in Section 22(a) does not apply to this case for two reasons.

---

[1] In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA") in part to prevent the filing of meritless securities fraud class actions by imposing heightened pleading requirements and establishing provisions that govern the selection and appointment of a lead plaintiff.  *See Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 421 (S.D.N.Y. 2009).  Because many plaintiffs attempted to avoid the PSLRA's requirements by bringing suit in state courts, Congress enacted SLUSA in 1998 to make federal court the exclusive venue for covered securities class action lawsuits.  *Id.*

6.     First, under SLUSA, state courts are no longer courts of "competent jurisdiction" for certain types of class action claims brought under the Securities Act, and therefore, the anti-removal provision of Section 22(a) does not apply.  As amended by SLUSA, Section 22(a) of the Securities Act provides that federal jurisdiction over Securities Act claims is to be "concurrent with State and Territorial courts, *except as provided in 77p of this title [(i.e. Section 16 of the Securities Act)] with respect to covered class actions*."   15 U.S.C. § 77v(a) (emphasis added).   Section 16 of the Securities Act (15 U.S.C. § 77p) defines the term "covered class action" to include, *inter alia*, any lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated" and in which common questions of law or fact predominate over any questions affecting only individuals.  15 U.S.C. § 77p(f)(2).  Plaintiffs' Petition asserts that this is such a class action.  *See* ¶ 1, *supra*.  Under Section 22(a), then, federal courts have exclusive jurisdiction over this case.  *See, e.g., Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423-25 (S.D.N.Y. 2009) (holding that federal court had exclusive jurisdiction over class action asserting Securities Act claims); *In re Fannie Mae 2008 Securities Litigation*, 2009 WL 4067266 (S.D.N.Y. 2009) (same); *Rovner v. Vonage Holdings Corp.*, 07-178, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007) (same).  Accordingly, while Section 22(a) also contains a provision barring removal of specified federal securities law claims that can be "brought in a State court of competent jurisdiction," the class action claims

asserted herein do not fall within that provision because state courts lack jurisdiction to adjudicate such class action claims. *E.g., Knox,* 613 F. Supp. 2d at 425.[2]

7.      Second, even if state courts *did* have concurrent jurisdiction (which they do not), the Securities Act's non-removal provision is subject to an express exception: "*Except as provided in section 77p(c) of this title [(i.e. Section 16(c) of the Securities Act)]*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (italicized "except" clause added by SLUSA). The referenced provision, Section 16(c) (15 U.S.C. § 77p(c)), is another SLUSA amendment, and it makes clear that the non-removal provision does *not* apply to covered class action claims brought under the Securities Act. Section 16(c) states: "Any covered class action brought in any State court involving a covered security [which includes stock such as GMX's that is traded on NASDAQ or the NYSE],[3] as set forth in subsection (b),[4]" shall be removable to the

---

[2] As the court explained in *Knox*, 613 F.Supp. 2d at 425:

> Because the anti-removal provision [in Section 22 of the Securities Act] only applies to claims brought in a state court of competent jurisdiction, once SLUSA stripped state courts of subject matter jurisdiction over covered class actions raising 1933 Act claims, the reach of the anti-removal provision receded, leaving covered class actions raising 1933 Act claims exclusively for federal courts.

[3] Section 16 of the Securities Act defines a "covered security" as:

> [A] security that satisfies the standards for a covered security specified in paragraph (1) or (2) of Section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission or manipulative or deceptive conduct occurred.

15 U.S.C. § 77p(f)(3).  15 U.S.C. § 77r(b)(1) defines a "covered security" as one:

6

Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. § 77p(c); *see, e.g., Rubin v. Pixelplus Co.*, No. 06-CV-2964, 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) (class actions alleging Securities Act claims removable under SLUSA); *accord Pinto v. Vonage Holdings Corp.*, No. 07-0062, 2007 WL 1381746, at *1 (D.N.J. May 7, 2007); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003); *Alkow v. TXU Corp.*, 02-CV-2738, 02-CV-2739, 2003 WL 21056750 (N.D. Tex. May 8, 2003).[5]

---

> [L]isted or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities); …

15 U.S.C. § 77r(b)(1)(A). GMX is listed on the New York Stock Exchange, so it is plainly a "covered security."

[4] Subsection (b) provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –
>
> (1)   an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2)   that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

[5] As these cases recognize, no appellate court has yet decided whether purely federal class action claims (as opposed to state law claims) may be removed under Section 16(c) of the Securities Act (15 U.S.C. § 77p(c)), and not all federal district courts agree on the question. It has been recognized, however, that "[t]he emerging trend holds that SLUSA was designed to and does deprive State courts of jurisdiction over class actions alleging 1933 Act claims." *Fannie Mae*, 2009 WL 4067266, at *1.

7

8. Plaintiffs' contention that removal is barred by Section 22 of the Securities Action act cannot be reconciled with the purpose and legislative history of SLUSA, which "was intended to curtail the proliferation in state courts of securities fraud class actions (federal or state) beyond the reach of the PSLRA's heightened pleading standards." *Knox*, 613 F. Supp. 2d at 423. Indeed, a contrary reading of Section 22(a) would defeat this goal by "spawn[ing] federal securities fraud class actions in state courts where they could proceed under the PSLRA radar" and "creat[ing] a jurisdictional anomaly" by "prohibiting state securities fraud claims in state court, while allowing federal securities class actions to be litigated there." *Id.*

9. Accordingly, under SLUSA, this action is properly removed, and the state court does not even have jurisdiction to hear this case.

---

Some of these courts have interpreted *dicta* in a recent Supreme Court case in different ways. In *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006), the Supreme Court addressed the question of whether a district court's remand of a *state* law claim under Section 16(c) was reviewable on appeal (and held that it was not). Although this appellate jurisdictional issue in that case was separate from the removability issue presented here, *Kircher* indicated in *dicta* that Section 16(c) jurisdiction is "confined to cases 'set forth in subsection (b),' § 77p(c), **namely, those with claims of untruth, manipulation, and so on**." 547 U.S. at 642 (emphasis added). The Supreme Court did not hold that Section 16(c) removal jurisdiction is limited to state court claims. Indeed, as certain courts have noted, the Supreme Court's explanation of the manner in which Section 16(b) limits Section 16(c) implies that federal class action claims involving deception or manipulation are removable. *See Knox*, 613 F. Supp. 2d at 425; *Rubin v. Pixelplus Co.*, No. 06-CV-2964, 2007 WL 778485, at *4 (E.D.N.Y. Mar. 13, 2007); *contra Unschuld v. Tri-S Security,* 2007 WL 2729011, *10 (N.D. Ga. 2007). This fits with the broad remedial purposes of SLUSA and related acts.

## Procedural Requirements

10. The aforementioned state action was commenced by service of summons no earlier than April 21, 2011. Therefore, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446.

11. Copies of all process, pleadings and orders served upon Defendants in the aforementioned state action are attached hereto as Exhibits 1 through 18: the Petition is marked as Exhibit 1, the Summonses are marked as Exhibits 2-16, Plaintiffs' Discovery Requests Directed to GMX Resources, Inc., Smith Carney & Co., and the Individual Defendants are marked as Exhibit 17, and Plaintiffs' Discovery Requests Directed to the Underwriter Defendants are marked as Exhibit 18. Copies of Summons Returns of Service, filed on May 9, 2011, are attached hereto as Exhibits 19-35. A copy of the Oklahoma County docket sheet in CJ-2011-1664 is attached hereto as Exhibit 36.

12. All defendants named in the Petition join in this Notice of Removal.

DATED: May 12, 2011.

      Respectfully submitted,

      s/Mack J. Morgan III
      MACK J. MORGAN III, OBA #6397
      L. MARK WALKER, OBA # 10508
      HARVEY D. ELLIS, OBA #2694
      MELANIE W. RUGHANI, OBA #30421
      CROWE & DUNLEVY
      A Professional Corporation
      20 North Broadway Ave., Suite 1800
      Oklahoma City, Oklahoma 73102
      Telephone: (405) 235-7700
      Facsimile: (405) 239-6651
      mack.morgan@crowedunlevy.com
      mark.walker@crowedunlevy.com

harvey.ellis@crowedunlevy.com
melanie.rughani@crowedunlevy.com

-AND-

KENNETH P. HELD (*pro hac vice* request forthcoming)
L. RONALD ORAN (*pro hac vice* request forthcoming)
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2300
Houston, Texas 77002
Telephone:  (713) 758-2222
Facsimile:  (713) 615-5219
kheld@velaw.com
roran@velaw.com

**ATTORNEYS FOR DEFENDANTS GMX RESOURCES, INC., KEN L. KENWORTHY, JR., AND JAMES A. MERRILL**

s/Joe M. Hampton
(*signed by filing attorney with permission*)
JOE M. HAMPTON, OBA # 11851
CORBYN HAMPTON PLLC
211 N. Robinson, Suite 1910
Oklahoma City, Oklahoma 73102
Telephone:  (405) 239-7055
Facsimile:  (405) 702-4348
JHampton@Corbynhampton.com

-AND-

ADAM S. HAKKI (*pro hac vice* request forthcoming)
CHRISTOPHER R. FENTON (*pro hac vice* request forthcoming)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
ahakki@shearman.com

10

cfenton@shearman.com

**ATTORNEYS FOR THE UNDERWRITER DEFENDANTS BVA SECURITIES, INC., CAPITAL ONE SOUTHCOAST, INC., COLLINS STEWART LLC, CREDIT SUISSE SECURITIES (USA) LLC, FORTIS SECURITIES LLC, HOWARD WEIL INCORPORATED, JEFFERIES & COMPANY, INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN KEEGAN & COMPANY, INC., PRITCHARD CAPITAL PARTNERS, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, INC., AND WEDBUSH MORGAN SECURITIES, INC.**

s/Hugh A. Baysinger
_____
(*signed by filing attorney with permission*)
HUGH A. BAYSINGER
PIERCE, COUCH, HENDRICKSON,
   BAYSINGER & GREEN, L.L.P.
1109 North Francis
Oklahoma City, OK 73016
Telephone: 405.235.1611
Facsimile: 405.235.2904
HBaysinger@piercecouch.com

**ATTORNEYS FOR DEFENDANT SMITH CARNEY & CO. P.C.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2011, a true and correct copy of the above and foregoing was served by U.S. Mail on the following:

Jason E. Roselius             Jeffery J. Angelovich
Derrick L. Morton             Bradley E. Beckworth
Nelson Roselius Terry O'Hara & Morton    Nix Patterson & Roach, LLP
P.O. Box 138800               205 Linda Drive
Oklahoma City, Oklahoma 73113 Daingerfield, Texas 75638

Christopher L. Nelson
Alessandra C. Phillips
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Further, this is to certify that a copy of said Notice of Removal will be hand-delivered to the Oklahoma County Court Clerk, in Oklahoma City, Oklahoma, for filing on or before the 13th day of May, 2011.

s/Mack J. Morgan III