**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and<br>2) OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>1) GMX RESOURCES INC.,<br>2) KEN L. KENWORTHY, JR.,<br>3) JAMES A. MERRILL,<br>4) JEFFERIES & COMPANY, INC.,<br>5) HOWARD WEIL INCORPORATED,<br>6) MORGAN KEEGAN & COMPANY, INC.,<br>7) CAPITAL ONE SOUTHCOAST, INC.,<br>8) COLLINS STEWART LLC,<br>9) PRITCHARD CAPITAL PARTNERS, LLC,<br>10) TUDOR, PICKERING, HOLT & CO. SECURITIES, INC.,<br>11) MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br>12) BBVA SECURITIES, INC.,<br>13) FORTIS SECURITIES LLC,<br>14) WEDBUSH MORGAN SECURITIES INC.,<br>15) CREDIT SUISSE SECURITIES (USA) LLC and<br>16) SMITH CARNEY & CO., P.C.,<br><br>        Defendants. | Case No. 5:11-cv-00520-D<br><br>CLASS ACTION |

**PLAINTIFFS' MOTION FOR REMAND AND BRIEF IN SUPPORT**

Plaintiffs Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System ("Plaintiffs"), respectfully move this Court, pursuant to 28 U.S.C. § 1447(c), to remand this action to the District Court of Oklahoma County, State of Oklahoma and provide the following Brief in Support.

**I.  Introduction**

In the Notice of Removal (the "Notice"), Defendants argue that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") (15 U.S.C. § 77v, § 77p(c)) divests state courts of all jurisdiction over covered class actions filed under the Securities Act of 1933 (15 U.S.C. § 77(a) *et seq.*) (the "Securities Act") and expressly provides for their removal to federal court. (Doc. No. 1, Notice ¶ 6.) Defendants' reading of SLUSA is overbroad and incorrect.

Defendants' entire argument is predicated on a misreading of an exception to the Securities Act's bar against removal set forth in Section 16(c) of SLUSA. However, Section 16(c) only allows removal of "covered class action[s]" that are based upon the "statutory or common law of any State." 15 U.S.C. § 77p(b). But this provision does not apply here because *Plaintiffs' claims are not state law claims*. They are claims for violation of a federal statute that provides that the plaintiff's choice of forum controls and precludes removal.[1] Defendants' argument ignores the plain language of the statute, the intent of Congress, and the weight of case law contrary to their position.

---

[1] Congress expressly excluded state filed Securities Act claims from removal to federal court.  15 U.S.C. § 77v(a); *see also Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006) ("removal and jurisdiction to deal with removed cases [pursuant to SLUSA] is limited to those precluded by the terms of subsection (b)").

Accordingly, and for the reasons set forth in detail below, Plaintiffs respectfully request that this Court remand this action back to the District Court of Oklahoma County.

## II.     Factual and Procedural Background

On March 10, 2011, Plaintiffs properly filed a Petition in the District Court in and for Oklahoma County, State of Oklahoma ("Petition"), seeking to represent a putative class consisting of all purchasers of the common stock of GMX Resources Inc. ("GMX" or the "Company"). (Doc. No. 1-1, Petition ¶ 1.) Specifically, Plaintiffs seek to represent those who purchased or otherwise acquired GMX common stock pursuant or traceable to the Company's public equity offerings on or about July 17, 2008 ("July 2008 Offering"), May 13, 2009 ("May 2009 Offering"), and October 22, 2009 ("October 2009 Offering") (collectively, the "Offerings"). *Id.* Plaintiffs purchased GMX securities in or traceable to the Offerings. (Doc. No. 1-1, Petition ¶¶ 14-15.)

Plaintiffs' Petition presents inherently local issues properly brought in Oklahoma state court. (Doc. No. 1-1, Petition ¶ 12.) Plaintiff Oklahoma Law Enforcement Retirement System administers retirement/survivor retirement and medical benefits for members of the law enforcement profession of the State of Oklahoma and their families, and manages assets of approximately $600 million. (Doc. No. 1-1, Petition ¶ 15.) Defendant GMX is an Oklahoma corporation with its principal executive offices in Oklahoma City, Oklahoma. (Doc. No. 1-1, Petition ¶ 16.) The Individual Defendants—GMX's Chief Executive Officer and Chief Financial Officer—are both located in Oklahoma City, Oklahoma. (Doc. No. 1-1, Petition ¶¶ 17-18.)

Plaintiffs allege claims against GMX, the Individual Defendants, and a host of entities that underwrote the Offerings.[2] Plaintiffs bring the following claims under the Securities Act (15 U.S.C. §§ 77k and 77o) on behalf of themselves and all similarly situated investors: (1) Section 11 (against all Defendants), (2) Section 12(a)(2) (against GMX and the Underwriter Defendants), and (3) Section 15 (against the Individual Defendants). (Doc. No. 1-1, Petition ¶¶ 65-78.)

Between July 2008 and November 2009, GMX completed the three Offerings, resulting in the Company receiving approximately $335 million in gross proceeds. (Doc. No. 1-1, Petition ¶ 35.) Each of the Offerings incorporated certain information by reference, including the Company's Annual Reports and consolidated financial statements for 2008 and 2009. (Doc. No. 1-1, Petition ¶¶ 35, 38, 43, 49.)

On March 11, 2010, GMX issued a press release admitting that the foregoing financial statements were false and needed to be restated, and cautioned that "such financial statements should no longer be relied upon." (Doc. No. 1-1, Petition ¶¶ 7, 54.)

GMX restated its 2008 and 2009 financial statements to correct "for the method used to record its previous full cost pool impairment charges, other impairment charges

---

[2] The Underwriter Defendants consist of: Jefferies & Company, Inc. (all three Offerings); Howard Weil Incorporated (July 2008 and October 2009 Offerings); Morgan Keegan & Company, Inc. (July 2008 Offering); Capital One Southcoast, Inc. (all three Offerings); Collins Stewart LLC (July 2008 Offering); Pritchard Capital Partners, LLC (July 2008 and October 2009 Offerings); Tudor, Pickering, Holt & Co. Securities, Inc. (July 2008 Offering); Merrill Lynch, Pierce, Fenner & Smith Incorporated (May 2009 Offering); BBVA Securities Inc. (May 2009 Offering); Fortis Securities LLC (May 2009 Offering); Wedbush Morgan Securities Inc. (May 2009 Offering); and Credit Suisse Securities (USA) LLC (October 2009 Offering).

and related deferred income taxes that adjusts the Company's earnings under Generally Accepted Accounting Principles (GAAP) for the year ended 2008 and for the first three quarters of 2009." (Doc. No. 1-1, Petition ¶¶ 8, 54.) As a result of these "adjustments," the Company's restated *net loss* for fiscal year 2008 was **$124.6 million** as compared to the originally reported **$81.7 million**. *Id.* Further, the Company reported a net loss of over $185 million for fiscal year 2009. *Id.*

By incorporating these admittedly untrue financial reports and statements into the offering materials, the Offerings also necessarily contained materially untrue statements with respect to the accuracy and integrity of GMX's financial statements, as well as the adequacy of the Company's internal controls over financial reporting.

On May 12, 2011, Defendants improperly filed a Notice of Removal to remove this action from the District Court of Oklahoma County, State of Oklahoma, to this Court. Defendants incorrectly claim this action is removable under 28 U.S.C. § 1441 and 15 U.S.C. §§ 77v(a), 77p(c), and is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because it asserts claims purporting to arise under the laws of the United States—namely, the Securities Act.

### III.    ARGUMENT AND AUTHORITIES

#### A.    This Court Should Strictly Construe the Removal Statute; Defendants Have the Burden Of Establishing That Removal Is Proper

As the party seeking removal, Defendants bear the burden of establishing that the removal of a class action lawsuit under SLUSA was proper and that this Court has subject matter jurisdiction. *See Grabow v. PricewaterhouseCoopers LLP*,

313 F. Supp. 2d 1152, 1154 (W.D. Okla. 2004) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

The Tenth Circuit has a strong and well-established presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). A court must strictly construe the removal statute, and resolve all doubts in favor of remanding the action to state court. *Grabow*, 313 F. Supp. 2d at 1154. Statutes "conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). Courts work "to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

This case should be remanded to state court because: (i) Defendants incorrectly assert that SLUSA confers exclusive federal jurisdiction over this action; and (ii) Defendants' purported exception to the removal bar under SLUSA is baseless.

### B. Securities Act Class Actions Filed in State Court Are Not Removable Under SLUSA

Defendants claim that all securities class actions are removable under a broad interpretation of SLUSA. (Doc. No. 1, Notice ¶¶ 6-7.) They argue that to suggest otherwise is to "fail[] to properly parse the statutory language and fail[] to consider the purposes of SLUSA." *Id.* at ¶ 5. In support of that argument, Defendants selectively cite to one section of the Securities Act—15 U.S.C. § 77p—to bolster their claim that SLUSA allows for removal of all class actions brought in state court. *Id.* However, as the

Supreme Court noted in *Kircher v. Putnam Funds Trust,* when responding to a party espousing a similarly overbroad reading of SLUSA, "we do not read statutes in little bites." 547 U.S. 633, 643 (2006). As explained below, class actions bringing federal securities claims concerning covered securities are not removable, as set forth in Section 77(p)(b), and neither SLUSA's statutory language, purpose, nor its legislative history support Defendants' position.

A removing party must demonstrate four elements to invoke federal jurisdiction under SLUSA's removal provisions: "(1) the suit is a "covered class action," (2) ***the plaintiffs' claims are based on state law***, (3) one or more 'covered securities' has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact 'in connection with the purchase or sale of such security.'" *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002) (emphasis added); *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 33 (2d. Cir 2005) (same), *rev'd on other grounds*, 547 U.S. 71 (2005).

The determination that the availability of SLUSA's removal provisions depend on the presence of state law claims is justified, as SLUSA's very first sentence articulates its true purpose: "An Act To Amend the Securities Act of 1933 . . . to limit the conduct of securities class actions under State law." *See* Pub. L. No. 105-353, 112 Stat. 3227 (1998). Defendants concede Plaintiffs' action is not based on state law.[3] Standing alone,

---

[3] *See* Doc. No. 1-1, Notice ¶¶ 2-3 ("The Petition alleges . . . [untrue statements and material omissions] in violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933.")

this is sufficient to establish that removal was improper, and that this case should be remanded. *See Nauheim v. Interpublic Grp. of Cos.*, No. 02-C-9211, 2003 WL 1888843 *5 (N.D. Ill. Apr. 16, 2003) ("Defendants have failed to show that Plaintiff's claims are based on state law and thus have not met their burden to demonstrate the propriety of the removal of the Complaint to this Court."); *In re Waste Mgmt., Inc. Sec. Litig.*, 194 F. Supp. 2d 590, 593 (S.D. Tex 2002) ("With respect to removal, the plain language of SLUSA . . . evidences Congress' intent to preempt a specifically defined category of state-law class actions . . . .").

Even if the foregoing were insufficient to compel remand, there is an alternate ground on which to conclude that removal was improper: the Securities Act itself allows a plaintiff to choose to bring his claims in state court by providing for concurrent jurisdiction:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77(v)(a). Indeed, the Securities Act expressly provides for a removal bar in Section 22(a): "[e]xcept as provided in section 77p(c) of this title,] no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." *See* Section 22(a), 15 U.S.C. § 77(v)(a). Section 16(c) further defines the exception to the absolute bar on removal for Securities Act claims, stating:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) . . . .

15 U.S.C. § 77p(c). The definition of the covered class action referred to in Section 16(c) is qualified by "subsection (b)": "No covered class action *based upon the statutory or common law of any State* or subdivision thereof may be maintained in any State or Federal court . . . ." 15 U.S.C. § 77p(b) (emphasis added).

In sum, when SLUSA and its amendments are read in their entirety, only certain "covered class actions" involving "covered securities" based on state or common law (or for federal claims brought with state claims), as described in subsection (b), are removable from state court. GMX securities qualify as a "covered security" under 15 U.S.C. § 77p(f)(3), and this action qualifies as a "covered class action" under 15 U.S.C. § 77p(f)(2); but, as Defendants have conceded, this action does not concern claims based on state or common law. (Doc. No. 1, Notice ¶ 3.)

Defendants erroneously assert that the removal bar in Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)) does not apply in this case because under SLUSA, state courts are no longer courts of "competent jurisdiction" for "certain types of class action claims brought under the Securities Act." (Doc. No. 1, Notice ¶¶ 5-6.) However, as discussed above, SLUSA only provides for the removal of certain class actions bringing *state law securities claims*. In contrast, class actions based solely on the Securities Act are not removable. *See* 15 U.S.C. § 77p(b) ("No covered class action based on the statutory or common law of any State or subdivision thereof may be

9

maintained in any State or Federal court by any private party"). It is clear that Section 22(a) of the Act still applies, and state courts are still courts of "competent jurisdiction" under SLUSA. *See Nauheim,* 2003 WL 1888843 at *5 ("SLUSA did not change the prohibition on removing those actions filed in state court which are based entirely on federal securities law.").

Defendants further argue that even if state courts had concurrent jurisdiction, the Securities Act's non-removal provision is subject to an exception under Section 16(c) (15 U.S.C. § 77v(a)). (Doc. No. 1, Notice ¶ 6.) However, in discussing Section 16(c) of the Act, Defendants do not quote it in its entirety, instead cherry-picking to arrive at their desired reading of the statute. Indeed, they omit any discussion of Section 16(c)'s *caveat*, discussed above, that removable class actions must be based on state or common law. (Doc. No. 1, Notice ¶¶ 6-7); 15 U.S.C. § 77p(b), (c). Defendants' incomplete reading of the statute is in conflict with the well-established process for statutory interpretation. Courts must first look to the plain meaning of the language in question; if the plain language is clear, the inquiry ends. *North Dakota v. United States*, 460 U.S. 300, 312 (1983).

Indeed, the majority of federal district courts that have considered this same question hold that class actions that allege only violations of the Securities Act cannot be

removed to federal court.[4] *See, e.g., Unschuld v. Tri-S Sec. Corp.*, No. 1:06-CV-02931-JEC, 2007 WL 2729011*11 (N.D. Ga. Sept. 14, 2007) (remanding action based on Securities Act claims); *Irra v. Lazard Ltd.*, No. 05CV3388, 2006 WL 2375472 *1 (E.D.N.Y. Aug. 15, 2006)(same); *Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Commc'ns Corp.*, No. CV 05-2730-RGK, 2005 U.S. Dist. LEXIS 14202 at *6 (C.D. Cal. June 28, 2005)("[T]he plain language of the amended 1933 Act allows only for the removal of state claims or for federal claims brought along with state claims.");[5] *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 322 F. Supp. 2d 116, 122 (D.N.H. 2004) (remanding action based on Securities Act claims); *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 03CV0714BTM, 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003) (same); *Waste Mgmt.*, 194 F. Supp. 2d at 596; *Nauheim,* 2003 WL 1888843 at *5 (same).

---

[4] Defendants claim no appellate court has yet recognized whether purely federal class action claims as opposed to state law claims may be removed under Section 16(c). However, they fail to mention that the reason for this is because appellate courts are technically **precluded** from doing so. *Kircher,* 547 U.S. at 642; *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) ("Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court.") The appellate courts' jurisdiction is restricted by 28 U.S.C. 1447(d), which states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The Supreme Court has held that 1447(d)'s broad restriction on appellate review must be read "in *pari materia* with 1447(c), so that only remands based on grounds specified in 1447(c) are immune from review under 1447(d) – *i.e.*, if it is based on either "lack of subject matter jurisdiction" or a "defect other than lack of subject matter jurisdiction."

[5] The *Pipefitters* decision overruled a prior case in the Central District of California, *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003) that Defendants rely upon in their Notice as support for their overbroad reading of SLUSA. (Doc. No. 1, Notice ¶ 7.)

Defendants further claim that barring the removal of federal securities claims brought in state court "cannot be reconciled with the purpose and legislative history of SLUSA." (Doc. No. 1, Notice ¶ 8.)  But they do not cite to any legislative history to support their claim.  Defendants' failure to do so is troubling, as SLUSA's legislative history has been thoroughly addressed by other courts.  Indeed, Chief Judge Barbadoro, of the District of New Hampshire, extensively examined SLUSA's framework and legislative history in *Tyco* (one of the largest securities class actions of all time), and noted "SLUSA's legislative history supports the view that Congress attempted to prevent plaintiffs from circumventing the PSLRA by 'enact[ing] national standards for securities class action lawsuits involving nationally traded securities,' . . . rather than by making federal courts the exclusive forum for Securities Act class actions alleging fraud." *Tyco*, 322 F. Supp. 2d at 121.

Such a reading of the legislative history comports with simple common sense:  had Congress wished to eliminate concurrent state court jurisdiction in "covered class actions" brought under the Securities Act, it could have done so with the strike of a pen.  But it did not.  Neither the language of SLUSA, nor anything in its legislative history, suggest that jurisdiction for Securities Act claims rests solely with the federal courts.  *See Waste Mgmt.*, 194 F. Supp. 2d 596 ("Congress could easily have made a statement in SLUSA expressly modifying this provision had it so intended.").  When Congress intends exclusive jurisdiction, it says as much.  *See, e.g.*, Securities Exchange Act of 1934, 15 U.S.C. 78aa ("The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter . . . and of all suits in equity and actions at law

12

brought to enforce any liability or duty created by this chapter . . . ."). Accordingly, Defendants' suggestion that "legislative history" supports their position is unavailing.

Finally, Defendants' interpretation runs counter to that contemplated by the Supreme Court, reasoning that, when deciding which claims are removable under Section 16(c), there is "no reason to reject the straightforward reading: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)." *Kircher*, 547 U.S. at 643;[6] *see also Unschuld*, 2007 WL 2729011, at *10.

Therefore, given the plain language of SLUSA and its purpose, the selective and misguided nature of Defendants' reading of the statute, and the U.S. Supreme Court's pronouncements on the subject that removal of a federal securities claim from state court is not permitted by SLUSA, Defendants have failed to establish that removal is appropriate. Accordingly, this action should be remanded back to state court.

---

[6] As discussed above, Section 16(b) refers to any "covered class action based upon the statutory or common law of any State." The Supreme Court acknowledged that the district court was correct to say that the failure of a claim to conform to any part of Section 16(b), not just that part dealing with covered securities, can be grounds for a court to deny removal. *Id.* at 643. The Court reasoned that, "if the action is not precluded [under Section 16(b)], the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Id.* at 644. Accordingly, an action can only be precluded from the concurrent jurisdiction of the 1933 Act and removed, if the action meets *all* of the required elements of Section 16 (b). In cases where a claim is not precluded, whether due to the fact that the claim does not implicate state or common law or because an incorrect kind of covered security is alleged, the Supreme Court recommended labeling the claim as unremovable and sending the claim back to state court, which preserves concurrent jurisdiction for claims brought under the Securities Act in state court. *Id.* at 644.

### C.     Attorneys' Fees and Costs

Defendants' removal of this case was improper – a fact plain from the face of SLUSA itself.  Accordingly, Plaintiffs request an award of attorney's fees and costs, as allowed under 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal.").  Attorneys' fees under § 1447(c) may be awarded where the removing party lacked an objectively reasonable basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-141 (2005).  Defendants clearly lack an objectively reasonable basis for removal in this matter, as actions in state courts alleging federal securities claims are not precluded by SLUSA.  Accordingly, Plaintiffs respectfully request the just costs and attorneys' fees incurred in contesting removal and obtaining a remand of this case.

## IV.    Conclusion

Wherefore, Plaintiffs, on behalf of themselves and others similarly situated, respectfully move this Court to enter an order remanding this case back to state court and an award of costs and attorneys' fees incurred as a result of Defendants' removal of this case.

Respectfully submitted,

**NELSON, ROSELIUS, TERRY
  & MORTON**


*s/ Derrick L. Morton*
Jason E. Roselius, OBA No. 16721
Derrick L. Morton, OBA No. 17934
P.O. Box 138800
Oklahoma City, Oklahoma  73113-8800
Tel:    (405) 705-3600
Fax:    (405) 705-2573
roselius@nrtlaw.com
morton@nrtlaw.com

*Counsel for Plaintiffs*

**NIX PATTERSON & ROACH, LLP**
Jeffrey J. Angelovich, OBA No. 19981
Bradley E. Beckworth, OBA No. 19982
205 Linda Drive
Daingerfield, TX  75638
Tel:    (903) 645-7333
Fax:    (903) 645-5389
jangelovich@nixlawfirm.com
bbeckworth@nixlawfirm.com

*Counsel for Plaintiffs*

**KESSLER TOPAZ MELTZER
  & CHECK, LLP**
Christopher L. Nelson (admitted *pro hac vice*)
Alessandra C. Phillips (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA  19087
Tel:    (610) 667-7706
Fax:    (610) 667-7056
cnelson@ktmc.com
aphillips@ktmc.com

*Counsel for Plaintiffs*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Mack J. Morgan III | morganm@crowedunlevy.com |
| L. Mark Walker | walkerm@crowedunlevy.com |
| Harvey D. Ellis | ellish@crowedunlevy.com |
| Melanie W. Rughani | melanie.rughani@crowedunlevy.com |
| Kenneth P. Held | kheld@velaw.com |
| L. Ronald Oran | roran@velaw.com |

*For GMX Resources, Inc., Ken L. Kenworthy, Jr. and James A. Merrill*
_____

| | |
|---|---|
| Joe M. Hampton | jhampton@corbynhampton.com |
| Amy J. Pierce | apierce@corbynhampton.com |

*For Merrill Lynch Pierce Fenner & Smith, Inc.,*
*Morgan Keegan & Company Inc.*
*Jefferies & Company Inc.*
*Howard Weil Incorporated*
*Capital One Southcoast Inc.*
*Collins Stewart LLC*
*Pritchard Capital Partners LLC*
*Tudor Pickering Holt & Co Securities Inc.*
*BBVA Securities Inc.*
*Fortis Securities LLC*
*Wedbush Morgan Securities Inc*
*Credit Suisse Securities LLC*
_____

| | |
|---|---|
| Hugh A. Baysinger | hbaysinger@piercecouch.com |
| Stephen L. Olson | solson@piercecouch.com |
| Andrew R. Harroz | aharroz@piercecouch.com |

*For Smith Carney & Co., P.C.*
_____

     I hereby certify that on the 10th day of June, 2011, I served the attached document by the United States Postal Service, First Class delivery, on the following, who are not registered participants of the ECF System:

Adam S. Hakki
Christopher R. Fenton
Shearman & Sterling
599 Lexington Avenue
New York, NY   10022

                                                                              *s/  Derrick L. Morton*