IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and<br>2) OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>vs.<br><br>1) GMX RESOURCES INC.,<br>2) KEN L. KENWORTHY, JR.<br>3) JAMES A. MERRILL,<br>4) JEFFERIES & COMPANY, INC.,<br>5) HOWARD WEIL INCORPORATED,<br>6) MORGAN KEEGAN & COMPANY, INC.<br>7) CAPITAL ONE SOUTHCOAST, INC.<br>8) COLLINS STEWART LLC,<br>9) PRITCHARD CAPITAL PARTNERS, INC.,<br>10) TUDOR, PICKERING, HOLT & CO. SECURITIES, INC.,<br>11) MERRILL LYNCH, PIERCE, FENNER, & SMITH INCORPORATED,<br>12) BBVA SECURITIES LLC,<br>13) FORTIS SECURITIES LLC,<br>14) WEDBUSH MORGAN SECURITIES INC.,<br>15) CREDIT SUISSE SECURITIES (USA) LLC and<br>16) SMITH CARNEY & CO., P.C. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Case No. CIV-11-520-D |

**AGREED MOTION TO STAY BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System ("Plaintiffs") file this Agreed Motion to Stay Briefing on Defendants' motions to dismiss Plaintiffs' Petition until after the entry of an order on Plaintiffs' motion to remand and would show as follows:

1

1. Plaintiffs filed their Petition in the District Court In and For Oklahoma County, State of Oklahoma on March 10, 2011 (CJ-2011 1664). Plaintiffs served Defendants with the Petition on or about April 23, 2011. Defendants filed a Notice of Removal to the United States District Court for the Western District of Oklahoma on May 12, 2011 (Docket No. 1). On May 18, 2011, Defendants filed an Agreed Motion to Extend Time to Answer the Petition until forty-five (45) days after the entry of an order on Plaintiffs' motion to remand (Docket No. 35). On May 19, 2011, the Court granted Defendants a 30-day extension of time, until June 20, 2011, in which to file their answers or other responses to the Petition (Docket No. 36). Plaintiffs filed a motion to remand to state court on June 10, 2011 (Docket No. 54).[1] Defendants filed motions to dismiss the Petition on June 20, 2011 (Docket Nos. 57, 58, & 59).

2. In the interest of judicial economy, Plaintiffs submit (and Defendants do not oppose) that Plaintiffs should not be obligated to respond to Defendants' motions to dismiss until after entry of an order on Plaintiffs' motion to remand. Defendants do not oppose the relief requested by Plaintiffs in this motion, but they reserve all their rights and arguments under the PSLRA and do not adopt Plaintiffs' arguments herein. If Plaintiffs are required to respond to Defendants' motions to dismiss at this time, such briefing will be potentially wasteful, duplicative, and moot. Indeed, should the Court deny Plaintiffs' motion to remand and allow this case to remain in federal court, this case will be subject to the provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA")[2] which will allow any member of the purported

---

[1] In truncating to 30 days the time period requested by Defendants, the Court noted that the period requested was "dependent upon an uncertain occurrence." May 19, 2011 Order at 2. The uncertainty as to whether Plaintiffs will file a motion to remand has been resolved; Defendants responses are due on July 8 (assuming the Court grants Defendants' recently filed Unopposed Motion to Extend Time to Respond to Plaintiffs' Motion to Remand).

[2] Plaintiffs believe that they are not subject to the PSLRA in state court and therefore, will not be required to go through the lead plaintiff process if the case is remanded.

class to publish notice and file a motion seeking to be appointed lead plaintiff. This process will take months to complete and will likely render inoperative any prior-filed petitions, complaints, and any briefing (including motions to dismiss) relating to those filings. In most straightforward terms, by virtue of the PSLRA's operation, the case effectively will start over.

3. Specifically, if the Court denies Plaintiffs' motion to remand, any plaintiff seeking to be appointed lead plaintiff in this case will have twenty (20) days to publish notice, advising members of the purported plaintiff class of the pendency of the action, the claims asserted therein, and the purported class period. 15 U.S.C. ¶78u-4(a)(3)(A). Any member of the purported class will then have sixty (60) days from publication of the notice(s) to move the Court to serve as lead plaintiff of the purported class. *Id*. The Court will then have ninety (90) days after publication of the notice(s) to consider any motion(s) made by a purported class member and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. ¶78u-4(a)(3)(B). In the event Plaintiffs are not appointed lead plaintiffs, the member(s) of the purported class who *are* appointed lead plaintiff will then have an opportunity to file an amended complaint within a specified time period after appointment. In that situation, Plaintiffs' Petition will no longer be the operative pleading in the litigation and all prior motion to dismiss briefing regarding the Petition will be null and void. At that time, an entire new round of motion to dismiss briefing would begin under the Federal Rules of Civil Procedure and applicable law.

## RELIEF REQUESTED

The precise relief requested is that Plaintiffs shall not be obligated to respond to Defendants' motions to dismiss until after entry of an order on Plaintiffs' motion to remand. If

the Court grants Plaintiffs' motion to remand, this matter would be remanded to the state court from which it was removed. However, if this Court denies Plaintiff's motion to remand and the PSLRA procedure set forth above becomes necessary, Plaintiffs request (and Defendants do not oppose) that the Court adopt the following schedule:

| | |
|---|---|
| Publication of PSLRA notice: | Within 20 days after an order denying Plaintiff's Motion to Remand |
| Deadline to file motions for Lead Plaintiff: | 60 days after Publication of PSLRA notice |
| Deadline for Lead Plaintiff to File Amended Consolidated Complaint: | 45 days after Court enters order appointing lead plaintiff and lead counsel and consolidating actions pursuant to PSLRA |
| Deadline for Defendants to file Motion to Dismiss Amended Consolidated Complaint or adopt currently-filed Motion to Dismiss: | 45 days after Lead Plaintiff files Amended Consolidated Complaint |
| Deadline for Plaintiffs to respond to any such Motion to Dismiss: | 45 days after Defendants' deadline to file new motion to dismiss or adopt current motion |
| Deadline for Defendants to file reply briefs: | 15 days after Lead Plaintiff's deadline to file response brief |

Respectfully submitted,

_Derrick L. Morton, OBA #16721_
Jason E. Roselius, OBA #16721
Derrick L. Morton, OBA #17934
NELSON, ROSELIUS, TERRY & MORTON
P.O. Box 138800
Oklahoma City, OK  73113-8800
Telephone:  (405) 705-3600
Facsimile:   (405) 705-2573

4

Jeffery J. Angelovich, OBA #19981
Bradley E. Beckworth, OBA #19982
NIX PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415

Christopher L. Nelson (admitted *pro hac vice*)
Alessandra C. Phillips (admitted *pro hac vice*)
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mack J. Morgan III
L. Mark Walker
Harvey D. Ellis
Melanie W. Rughani
*For GMX Resources, Inc., Ken L. Kenworthy, Jr. and James A. Merrill*

Joe M. Hampton
Amy J. Pierce
*For Merrill Lynch Pierce Fenner & Smith, Inc.,*
*Morgan Keegan & Company Inc.*
*Jefferies & Company Inc.*
*Howard Weil Incorporated*
*Capital One Southcoast Inc.*
*Collins Stewart LLC*
*Pritchard Capital Partners LLC*
*Tudor Pickering Holt & Co Securities Inc.*
*BBVA Securities Inc.*
*Fortis Securities LLC*
*Wedbush Morgan Securities Inc*
*Credit Suisse Securities LLC*

Hugh A. Baysinger
Stephen L. Olson
Andrew R. Harroz
*For Smith Carney & Co., P.C.*

I hereby certify that on the 1st day of July, 2011, I served the attached document by the United States Postal Service, First Class delivery, on the following, who are not registered participants of the ECF System:

Christopher L. Nelson
Alessandra C. Philips
Barroway Topaz Kessler Meltzer & Check
280 King of Prussia Road
Radnor, PA   19087

Jeffrey J. Angelovich
Bradley E. Beckworth
Nix Patterson & Roach, LLP
205 Linda Drive
Daingerfield, TX   75638

Kenneth P. Held
L. Ronald Oran
Vinson & Elkins LLP
1001 Fannin Street, Suite 2300
Houston, TX   77002

Adam S. Hakki
Christopher R. Fenton
Shearman & Sterling
599 Lexington Avenue
New York, NY   10022

                                                                s/  Derrick L. Morton