IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § | CIV-11-520-D |
| vs. | § § | |
| GMX RESOURCES INC., et. al. | § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ........................................................................................................... 3

STATEMENT OF THE CASE ....................................................................................... 7

ARGUMENT ................................................................................................................. 9

I.      Federal Courts Have Exclusive Jurisdiction Over "Covered Class Actions"
        Asserting Claims Under the Securities Act of 1933 ............................................. 11

II.     "Covered Class Actions" Raising Claims Under the Securities Act Based on
        Securities Listed on a U.S. Exchange Are Removable Under Sections 22(a) and
        16(c) ................................................................................................................... 14

III.    There Is No Presumption Against the Removability of This Lawsuit ................... 19

IV.     Disallowing Removal of Federal Class Action Securities Claims Contradicts the
        Language and Purpose of SLUSA ....................................................................... 22

V.      There is No Basis to Award Attorneys' Fees or Costs.......................................... 25

CONCLUSION ........................................................................................................... 25

CERTIFICATE OF SERVICE ..................................................................................... 28

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alkow v. TXU Corp.*,
Nos. 3:02-CV-2738-K, 3:02-CV-2739, 2003 WL 21056750 (N.D. Tex. May 8, 2003)
........................................................................................................................... passim

*Archuleta v. Taos Living Ctr., LLC*,
No. CIV 10-1150 JBIACT, 2011 U.S. Dist. LEXIS 65482 (D.N.M. May 30, 2011) .. 25

*Corley v. United States*,
-- U.S. -- 129 S. Ct. 1558 (2009) ................................................................................ 18

*Douglas S. v. Altius Health Plans, Inc.*,
409 F. App'x 219 (10th Cir. 2010) .............................................................................. 22

*Grabow v. PricewaterhouseCoopers LLP*,
313 F. Supp. 2d 1152 (N.D. Okla. 2004) ..................................................................... 20

*Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*,
No. 03-CV-0714-BTM, 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003) ....................... 2

*In re Fannie Mae 2008 Sec. Litig.*,
Nos. 08 Civ. 7831 (PAC), 09 Civ. 1352 (PAC), 2009 WL 4067266 (S.D.N.Y. Nov. 24,
2009) ................................................................................................................. 1, 11, 22

*In re King Pharm., Inc.*,
230 F.R.D. 503 (E.D. Tenn. 2004) ........................................................... 2, 11, 12, 23

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
322 F. Supp. 2d 116 (D.N.H. 2004) .................................................................... 2, 23

*IRRA v. Lazard Ltd.*,
No. 05-CV-3388 (RJDRML), 2006 WL 2375472 (E.D.N.Y. Aug. 15, 2006) ................ 2

*Kircher v. Putnam Funds Trust*,
547 U.S. 633 (2006) ............................................................................................. 16, 17

*Knox v. Agria Corp.*,
613 F. Supp. 2d 419, (S.D.N.Y. 2009) .............................................................. passim

*Kulinski v. Am. Elec. Power Co.*,
No. Civ. A. C-2-03-412, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) ... 2, 11, 18, 23

*Lowinger v. Johnston*,
No. 3:05-CV-316-H, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) ............ 2, 11, 14, 23

*Marshall v. Manville Sales Corp.*,
   6 F.3d 229, 232 (4th Cir. 1993) ................................................................. 20

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-141 (2005) ............................. 20, 25

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
   547 U.S. 71 (2006) ............................................................................ 3, 10, 21

*Nauheim v. Interpublic Grp. of Companies*,
   No. 02-C-9211, 2003 WL 1888843 (N.D. Ill. Apr. 16, 2006) ........................... 2

*New Jersey Carpenters Vacation Fund v. Harborview Mortg. Loan Trust*,
   581 F. Supp. 2d 581, (S.D.N.Y. 2008) ...................................................... 13

*Pinto v. Vonage Holdings Corp.*,
   C.A. No. 07-0062, 2007 WL 1381746 (D.N.J. May 7, 2007) ................... passim

*Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.*,
   No. CV 05-2730-RGK, 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005) ..2, 15

*Purowitz v. DreamWorks Animation SKG, Inc.*,
   No. CV 05-6090-MRP, 2005 U.S. Dist. LEXIS 46911 (C.D. Cal. Nov. 14, 2005) . 2, 11,
   14, 15

*Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   292 F.3d 1334 (11th Cir. 2002) ................................................................. 10

*Rovner v. Vonage Holdings Corp.*,
   C.A. No. 07-178 (FLW), 2007 WL 446658 (D.N.J. Feb. 7, 2007) ............... 1, 11, 12, 22

*Rubin v. Pixelplus Co.*,
   No. 06-CV-2964 (ERK), 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) ............... passim

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100 (1941) ................................................................................ 21

*Unschuld v. Tri-S Sec. Corp.*,
   No. 1:06-CV-02931-JEC, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007) ............... 2, 17

<u>Statutes</u>

15 U.S.C. §  77r(b)(1) ............................................................................... 7

15 U.S.C. § 77p(c) ................................................................................... 14

15 U.S.C. § 77p(b) ................................................................................... 6

15 U.S.C. § 77p(c) ................................................................................ 6, 14

15 U.S.C. § 77p(f)(2) ................................................................................ 12

15 U.S.C. § 77p(f)(3) ................................................................................ 7

15 U.S.C. § 77r(b)(1)(A) ........................................................................... 7

15 U.S.C. §§ 77a – 77aa (West 2011) ................................................................. 1

15 U.S.C. §§ 77p(f) ........................................................................................... 16

15 U.S.C. §77p(f)(2) ........................................................................................... 5

28 U.S.C. § 1331 ................................................................................................. 9

28 U.S.C. § 1441 ................................................................................................. 1

28 U.S.C. § 1441(a) ............................................................................................. 9

28 U.S.C. § 1446(b) ............................................................................................. 9

28 U.S.C. § 1447(c) ........................................................................................... 25

<u>Other Authorities</u>

Publ. L. No. 105-353 ........................................................................................... 1

Treatises

Andrew J. Morris & Fatima A. Goss,
   *Why Claims Under the Securities Act of 1933 Are Removable to Federal Court*,
   36 Sec. Reg. & L. Rep. (BNA) 626 n.14 (Apr. 4, 2004) ............................... 11

Mitchell A. Lowenthal & Timothy M. Haggard,
   *Under SLUSA, State Courts Lack Jurisdiction to Hear Class Actions*
   *Asserting Claims under the Securities Act*,
   39 Sec. Reg. & L. Rep. (BNA) 1003 (June 25, 2007) ................................... 11

GMX Resources, Inc. ("GMX"); Ken L. Kenworthy, Jr.; James A. Merrill; Jefferies & Company, Inc.; Howard Weil Incorporated; Morgan Keegan & Company, Inc.; Capital One Southcoast, Inc.; Collins Stewart LLC; Pritchard Capital Partners, LLC; Tudor, Pickering, Holt & Co. Securities, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; BBVA Securities Inc.; Fortis Securities LLC; Wedbush Morgan Securities Inc.; Credit Suisse Securities (USA) LLC; and Smith Carney & Co., P.C. (collectively, "Defendants") file this opposition to Plaintiffs' Motion for Remand ("Motion") (Doc. No. 54) and request that the Court deny the Motion because—as explained below and in Defendants' Notice of Removal (the "Notice")—removal of this lawsuit is proper pursuant to 28 U.S.C. § 1441, the Securities Act of 1933 (the "Securities Act"),[1] and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").[2]

## PRELIMINARY STATEMENT

The issue before the Court is whether federal class action claims based on the Securities Act are removable.  This is an issue of first impression in the Tenth Circuit.  A majority of courts in other jurisdictions have concluded—contrary to Plaintiffs' position in the Motion—that federal class action securities law claims are removable.[3]  These

---

[1] 15 U.S.C. §§ 77a – 77aa (West 2011).

[2] Publ. L. No. 105-353, 112 Stat. 3227 (1998).

[3] *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423-25 (S.D.N.Y. 2009); *In re Fannie Mae 2008 Sec. Litig.*, Nos. 08 Civ. 7831 (PAC), 09 Civ. 1352 (PAC), 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009); *Rubin v. Pixelplus Co.*, No. 06-CV-2964 (ERK), 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007); *Rovner v. Vonage Holdings Corp.*, C.A. No. 07-178 (FLW), 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007);  *Pinto v. Vonage Holdings Corp.*, C.A. No. 07-0062, 2007 WL 1381746, at *1 (D.N.J. May 7, 2007); *Purowitz v. DreamWorks Animation SKG, Inc.*, No. CV 05-6090-MRP, 2005 U.S. Dist. LEXIS

cases not only out number the contradictory cases cited by Plaintiffs,[4] they are better reasoned, their interpretations do not conflict with other parts of the Securities Act, and their holdings do not undermine the very purposes for which SLUSA was enacted.

In 1998, Congress enacted SLUSA to establish national uniform standards for securities litigation brought under state or federal law. SLUSA was designed to prevent plaintiffs' attorneys from evading the substantive and procedural safeguards imposed in 1995 by the Private Securities Litigation Reform Act ("PSLRA") by filing their actions in state —rather than federal—court. Specifically, SLUSA requires that certain securities law claims now be adjudicated: (i) under federal rather than state law; and (ii) in federal rather than state court. To achieve this goal, SLUSA made federal courts the exclusive jurisdiction for class actions raising Securities Act claims (including the claims at issue here), and provided for the removal of any such actions if and when they are filed in state

---

46911, *2-3 (C.D. Cal. Nov. 14, 2005); *Lowinger v. Johnston*, No. 3:05-CV-316-H, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005); *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003); *Kulinski v. Am. Elec. Power Co.*, No. Civ. A. C-2-03-412, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003); *Alkow v. TXU Corp.*, Nos. 3:02-CV-2738-K, 3:02-CV-2739, 2003 WL 21056750 (N.D. Tex. May 8, 2003).

[4] *Unschuld v. Tri-S Sec. Corp.*, No. 1:06-CV-02931-JEC, 2007 WL 2729011, *11 (N.D. Ga. Sept. 14, 2007); *Nauheim v. Interpublic Grp. of Companies*, No. 02-C-9211, 2003 WL 1888843, *3 (N.D. Ill. Apr. 15, 2006); *IRRA v. Lazard Ltd.*, No. 05-CV-3388 (RJDRML), 2006 WL 2375472, *1 (E.D.N.Y. Aug. 15, 2006); *Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.*, No. CV 05-2730-RGK, 2005 U.S. Dist. LEXIS 14202, *6 (C.D. Cal. June 28, 2005); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 322 F. Supp. 2d 116 (D.N.H. 2004); *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 03-CV-0714-BTM, 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003); *In re Waste Mgmt., Inc. Secs. Litig.*, 194 F. Supp. 2d 590 (S.D. Tex. 2002).

court.  Accordingly, Defendants properly removed this lawsuit, and both the Motion and Plaintiffs' filing of this lawsuit in state court in the first instance are contrary to SLUSA.

## <u>BACKGROUND</u>

In 1995, Congress enacted the PSLRA to eliminate "nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests, and 'manipulation by class action lawyers of the clients whom they purportedly represent'"—all of which were causing "injur[y]" to "'the entire U.S. economy.'"  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006) (quoting H.R. Conf. Rep. No. 104-369, at 31 (1995)).  In order to stop these "rampant" "abuses," Congress reformed the federal securities laws to institute a series of procedural safeguards that, among other things, "limit[ed] recoverable damages and attorney's fees, impose[d] new restrictions on the selection of (and compensation awarded to) lead plaintiffs, mandate[d] imposition of sanctions for frivolous litigation, and authorize[d] a stay of discovery pending resolution of any motion to dismiss."  *Id.*

Rather than abide by the protections afforded by the PSLRA, many plaintiffs' attorneys tried to avoid them altogether by filing in state, rather than federal, court.  *Id.* at 82.  Although "state-court class actions involving nationally traded securities were virtually unknown prior to the [PSLRA]," in the years immediately following its passage, "they [were] brought with some frequency."  S. Rep. 105-182, at 4 (1998).  Evasion of the PSLRA's procedural safeguards was, in the case of Securities Act claims, made possible by the fact that—at the time—Section 22(a) contained: (i) a jurisdictional provision that gave state and federal courts concurrent jurisdiction to hear Securities Act

claims; and (ii) a non-removal provision that barred the removal of such actions filed in state court.  15 U.S.C. § 77v(a).

In 1998, Congress determined that the migration of securities class actions from federal to state court threatened to undermine the effectiveness of the PSLRA.  *See* 144 Cong. Rec. H6064 (daily ed. July 21, 1998) ("While the 1995 Act was designed to help end abuses in Federal securities class actions, these reforms have been subverted through the use of State courts, undermining the potential benefits to investors, consumers, workers, and the overall economy.") (statement of Rep. Davis).  Congress was also concerned that the spike in state filings would lead to differing federal and state standards of liability for nationally-traded securities and harm the national economy:

> Disparate, and shifting, *state litigation procedures* may expose issuers to the potential for significant liability that cannot easily be evaluated in advance, or assessed when a statement is made.  At a time when we are increasingly experiencing and encouraging national and international securities offerings and listings, and expending great effort to rationalize and streamline our securities markets, this fragmentation of investor remedies potentially imposes costs that outweigh the benefits. *Rather than permit or foster fragmentation of our national system of securities litigation, we should give due consideration to the benefits flowing to investors from a uniform national approach.*

S. Rep. 105-182, at 3 (emphasis added).

Congress thus enacted SLUSA to stop plaintiffs' lawyers from circumventing the PSLRA's reforms and to create national uniform standards governing securities law claims.  S. Rep. 105-182, at 6.  SLUSA closed the doors of state courthouses to most securities class actions by requiring that certain claims be adjudicated: (i) under federal rather than state law; and (ii) in federal rather than state court.  *See* H.R. Rep. No. 105-640, at 10 (1998) (explaining that "[t]he solution to this problem is to make Federal court

the exclusive venue for securities fraud class action litigation"); 144 Cong. Rec. H11020 (daily ed. Oct. 15, 1998) ("The premise of this legislation is simple: lawsuits alleging violations that involve securities that are offered nationally belong in Federal court.") (statement of Rep. Bliley).

In particular, SLUSA amended the jurisdictional provision of Section 22(a) of the Securities Act to eliminate state court jurisdiction over "covered class actions."  Section 22(a) now reads in relevant part:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this Act and under the rules and regulations promulgated by the Commission in respect thereto, and concurrent with State and Territorial courts, *except as provided in Section 16 with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this Act.

15 U.S.C. § 77v(a) (amendments in italics).[5]

SLUSA also amended the removal provision in Section 22(a) to create an exception to what had previously been a wholesale bar on removal of cases brought in state courts of "competent jurisdiction."  In other words, after the enactment of SLUSA, state courts no longer have jurisdiction to hear "covered class actions" asserting claims under the Securities Act, but if a plaintiff nevertheless brings a "covered class action" raising such claims in state court, it is removable to federal court.  Section 22(a) now reads in relevant part:

---

[5] Section 16, in turn, defines a "covered class action" as any lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated."  15 U.S.C. §77p(f)(2).

>*Except as provided in Section 16(c)*, no case arising under [the Securities] Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (amendment in italics).[6]

Section 16(c), to which Section 22(a) refers, provides the standard for removal generally:

>Removal of covered class actions.  Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).

Section 16(b), in turn, contains a preclusion provision under which class actions asserting state law claims based on allegations of misrepresentations, omissions, or deceptive or manipulative acts regarding "covered securities" must be dismissed (because such claims may only be asserted under federal, not state, law):

>No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).[7]  SLUSA thus provides different treatment for state law and federal law "covered class actions."  Pursuant to Section 16(b), "covered class actions" asserting

---

[6] After SLUSA, Securities Act claims asserted by individuals continued to be subject to the non-removal provision of Section 22(a).  *See, e.g., Knox*, 613 F. Supp. 2d at 425.

[7] Section 16 of the Securities Act defines a "covered security" as:

claims under state law are to be dismissed regardless of where they are brought.  Pursuant to Section 22(a), "covered class actions" asserting claims under federal law are within the exclusive jurisdiction of federal courts and therefore must be removed if filed in state court.

## STATEMENT OF THE CASE

This is a putative federal securities class action lawsuit brought by plaintiffs Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System (collectively, "Plaintiffs") on behalf of themselves and all others who acquired stock in GMX pursuant or traceable to a registration statement or related prospectuses issued in connection with three GMX equity offerings that were completed between June 2008 and October 2009.

On October 29, 2009, the Securities and Exchange Commission ("SEC") issued revised guidance concerning a wide range of oil and gas accounting topics.  In response to the SEC's revised guidance, GMX issued a press release on March 11, 2010 stating that it had decided to restate certain of the Company's financial statements.  On March

---

[A] security that satisfies the standards for a covered security specified in paragraph (1) or (2) of Section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission or manipulative or deceptive conduct occurred.

15 U.S.C. § 77p(f)(3).  15 U.S.C. §  77r(b)(1) defines a "covered security" as one:

 [L]isted or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities); …

15 U.S.C. § 77r(b)(1)(A).  GMX was listed on the NASDAQ stock market during the relevant time period, so it is plainly a "covered security."

16, 2010, GMX filed and released its 2009 Form 10-K, which, among other things, restated the Company's financial statements for the year ended December 31, 2008, and the three quarters ended March 31, June 30, and September 30, 2009.

Nearly a year after GMX's restatement announcement, Plaintiffs filed this lawsuit on March 10, 2011 in the District Court for Oklahoma City, Oklahoma asserting violations of Sections 11, 12, and 15 of the Securities Act and alleging that GMX's offering materials contained material misstatements and omissions.  On May 12, 2011, Defendants filed their Notice, which Plaintiffs concede was timely.  As set forth in Defendants' June 20, 2011 motions to dismiss, the Petition is fatally defective because it: (i) fails to adequately plead standing to sue; (ii) fails to identify a material misleading statement in GMX's offering materials; and (iii) affirmatively alleges facts and expressly relies on documents that demonstrate the alleged misstatements could not have caused the stock price decline that Plaintiffs seek to recover.

On June 10, 2011, Plaintiffs filed the Motion, incorrectly asserting that Section 16(c) "only allows removal of 'covered class action[s]' that are based upon the 'statutory or common law of any State.'" Motion at 2.  Thus, according to Plaintiffs, Congress intended for securities class actions raising state law claims to be removed to federal court and for securities class actions raising federal law claims to be heard in state court. Plaintiffs are mistaken.

## ARGUMENT

Defendants properly removed this lawsuit.  The claims at issue here are federal law claims,[8] and as such, they are removable unless Congress expressly has stated otherwise.  *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed …"); 28 U.S.C. § 1446(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

Plaintiffs insist that Section 22(a) of the Securities Act provides an applicable exception to the general rule that federal law claims are removable.  Motion at 6-10.  But their argument rests on a fundamentally mistaken reading of the statute that not only disregards cardinal rules of statutory construction, but also SLUSA's history and purpose. Plaintiffs' theory—that Congress sought to establish a uniform national approach toward securities class action lawsuits by providing for the removal of state law claims while

---

[8] This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because Plaintiffs assert claims purporting to arise under the laws of the United States: namely, the Securities Act.  Moreover, Section 22(a) of the Securities Act contains a jurisdictional provision that expressly states that "[t]he district courts of the United States . . . shall have jurisdiction . . . of all suits in equity and actions at law brought to enforce any liability or duty created" by the Securities Act.  15 U.S.C. § 77v(a).

expressly leaving federal law claims to be adjudicated under the rules and procedures of the fifty states' courts—is untenable.[9]

The post-SLUSA statutory scheme thus provides two independent bases for denying Plaintiffs' motion to remand.  First, no state court has subject matter jurisdiction over "covered class actions" asserting claims under the Securities Act.  Because state courts are no longer "courts of competent jurisdiction" for such actions, those actions are not subject to the non-removal provision under Section 22(a).  Second, even if state courts do have jurisdiction, cases like this one are nevertheless removable because Congress created a specific exception to Section 22(a)'s bar on removal for "covered class actions" asserting claims in connection with nationally traded securities like GMX common stock.  *See Knox*, 613 F. Supp. 2d at 423-25.  Courts in New York, New Jersey,

---

[9] Plaintiffs assert that a removing party must demonstrate four elements to invoke federal jurisdiction under SLUSA's provisions, including that "the plaintiffs' claims are based on state law."  Motion at 7.  That is not only mistaken, but misleading.  The two cases on which Plaintiffs rely – *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005) and *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334 (11th Cir. 2002) – both concerned claims asserted under state – not federal – law. The test set forth in those cases therefore elucidated the conditions that must be satisfied to trigger SLUSA's removal *and preclusion* provisions.  *See, e.g., Dabit*, 395 F.3d at 33.  Here, the only question before the Court is whether Plaintiffs' claims are removable.

California, North Carolina, Tennessee, Ohio, and Texas agree,[10] and numerous commentators have reached the same conclusion.[11]

For either or both of these reasons, removal of this action is proper, and Plaintiffs' Motion must be denied.

## I.   Federal Courts Have Exclusive Jurisdiction Over "Covered Class Actions" Asserting Claims Under the Securities Act of 1933

The jurisdictional provision of Section 22(a) provides that federal jurisdiction over Securities Act claims is "concurrent with State and Territorial courts, *except as provided in Section 77p of this title [(i.e. Section 16)] with respect to covered class actions.*" 15 U.S.C. § 77v(a) (amendment in italics). The "plain language" of Section 22(a) therefore clearly states that federal courts have exclusive jurisdiction over Securities Act claims that are asserted in "covered class actions" as that term is defined under Section 16. *Rovner*, 2002 WL 446658, at *3. Moreover, "[t]he reference to Section 16 does not add a substantive limitation to the exception to concurrent jurisdiction in Section 22(a); rather, it simply points the reader to the definition of a 'covered class action.'" *Knox*, 613 F. Supp. 2d at 424. Only one part of Section 16 gives meaning to the term "covered class

---

[10] *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266 (S.D.N.Y. 2009) (denying motion to remand Securities Act class action); *Rubin*, 2007 WL 778485, at *5; *Rovner*, 2007 WL 446658, at *3; *Pinto*, 2007 WL 1381746, at *1; *Purowitz*, 2005 U.S. Dist. LEXIS 46911, at *2-3; *Lowinger*, 2005 WL 2592229, at *4; *In re King Pharm., Inc.*, 230 F.R.D. at 505; *Brody*, 240 F. Supp. 2d at 1124; *Kulinski*, 2003 WL 24032299, at*4-5; *Alkow*, 2003 WL 21056750, at *2.

[11] *See* Mitchell A. Lowenthal & Timothy M. Haggard, *Under SLUSA, State Courts Lack Jurisdiction to Hear Class Actions Asserting Claims under the Securities Act*, 39 SEC. REG. & L. REP. (BNA) 1003 (June 25, 2007); Andrew J. Morris & Fatima A. Goss, *Why Claims Under the Securities Act of 1933 Are Removable to Federal Court*, 36 SEC. REG. & L. REP. (BNA) 626 n.14 (Apr. 4, 2004)

action"—and that is Section 16(f)(2), which Plaintiffs concede this action readily satisfies. Motion at 9 ("this action qualifies as a 'covered class action' under 15 U.S.C. § 77p(f)(2)"). It is therefore clear from the express terms of Section 22(a) that this case is removable and that Plaintiffs' Motion should be denied. *See, e.g., Knox*, 613 F. Supp. 2d at 423-25 (holding that federal court had exclusive jurisdiction over class action asserting Securities Act claims); *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266 (same); *Pinto*, 2007 WL 1381746, at *1 (same); *Rovner*, 2007 WL 446658, at *3 (same); *In re King Pharm., Inc.*, 230 F.R.D. at 505 (same).

Moreover, Section 22(a)'s removal bar does not apply to Plaintiffs' claims. That prohibition is expressly limited to federal securities law claims that can be "brought in a State court of competent jurisdiction," and, for the reasons discussed above, SLUSA expressly divested state courts of subject matter jurisdiction over "covered class actions" raising Securities Act claims. *See, e.g., Knox*, 613 F. Supp. 2d at 425.

Plaintiffs nonetheless insist that state courts remain courts of competent jurisdiction for Securities Act class action claims—*but provide no support for their argument*. Motion at 8. Indeed, they simply ignore the amendment to the jurisdictional provision (which is clear and unambiguous) and, instead, misdirect the Court to the removal provisions of Section 22(a). *See* Motion at 8-10 (quoting Section 22(a)'s jurisdictional provision – with the exception of the SLUSA amendment, which is omitted).

Plaintiffs' construction of Section 22(a) and Section 16 leads to absurd results. According to Plaintiffs, state securities law class action claims can be removed to federal

court but federal securities law class action claims cannot.  *See* Motion at 6-8.  Courts have repeatedly rejected the very same counter-intuitive interpretation urged by Plaintiffs because it squarely conflicts with the purpose of SLUSA.  *See, e.g., Rubin*, 2007 WL 778485 at *5 ("A holding that a class action complaint labeled as a state law or common law cause of action is removable, and one labeled as a Securities Act violation is not, would lead to an absurd result that would undermine the principal purpose of SLUSA") (internal quotations omitted); s*ee also Pinto*, 2007 WL 1381746, at *2 (denying removal would lead to an "absurd result" and "undermine the principle purpose of SLUSA").  There can be no doubt that Congress did not attempt to establish uniform national standards for securities class action lawsuits by leaving open the possibility for parallel state and federal proceedings or by affirmatively deciding to leave issuers exposed to the fifty sets of "[d]isparate, and shifting, state litigation procedures" about which it expressed concern when it enacted SLUSA.  S. Rep. 105-182, at 3.[12]

---

[12] Plaintiffs assert—without any support—that the existence of concurrent jurisdiction is "an alternate ground on which to conclude that removal was improper."  Motion at 8. That is simply not true.  Even if state and federal courts did have concurrent jurisdiction (which they do not), it is clear on the face of the statute that removal is nevertheless proper under Sections 22(a) and 16(c), which expressly provide for removal.  *See, e.g., New Jersey Carpenters Vacation Fund v. Harborview Mortg. Loan Trust*, 581 F. Supp. 2d 581, 583 (S.D.N.Y. 2008) (explaining that SLUSA amended Section 22(a) to permit for the removal of securities class actions raising Securities Act claims even when they were properly filed in state court).

II.   **"Covered Class Actions" Raising Claims Under the Securities Act Based on Securities Listed on a U.S. Exchange Are Removable Under Sections 22(a) and 16(c)**

Even if state courts had concurrent jurisdiction over class actions brought pursuant to the Securities Act (which they do not), Plaintiffs' Motion should nevertheless be denied because Section 22(a) does not bar removal here.

The Securities Act's non-removal provision is subject to an express exception: "*Except as provided in section 77p(c) of this title [(i.e. Section 16(c))]*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a) (amendment in italics). That exception applies to a "covered class action . . . involving a covered security," 15 U.S.C. § 77p(c), as numerous courts have found.[13]  *Rubin*, 2007 WL 778485, at *6 (denying motion to remand class action raising Securities Act claims); *Purowitz*, 2005 U.S. Dist. LEXIS 46911, at *2-3 (same); *Lowinger*, 2005 WL 2592229, at *4 (same);

---

[13] Section 16(c) provides as follows:

> Removal of covered class actions.  Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).

14

*Brody*, 240 F. Supp. 2d at 1124 (same);[14] *Alkow*, 2003 WL 21056750, at *2 (same). Here, Plaintiffs do not dispute that this lawsuit is a "covered class action" nor that GMX's common stock trades on a U.S. securities exchange and therefore readily satisfies the statutory definition of "covered security." *See* Motion at 9. Removal is thus proper, and Plaintiffs' Motion should be denied.

Plaintiffs insist that only state securities law class action claims are removable because Section 16(c) refers to subsection (b), which provides for the preclusion of certain class actions brought under state law. Motion at 6-9. Plaintiffs' proposed reading—that subsection (b) describes the covered class action and thus limits Section 16(c) removal to state securities law claims—is unnatural and illogical. *See, e.g., Knox*, 613 F. Supp. 2d at 423 ("The narrow reading . . . creates a jurisdictional anomaly . . . It also does not make sense. . . . [T]he constricted approach threatens to spawn federal securities fraud class actions in state courts where they could proceed under the PSLRA radar.").

The phrase "as set forth in subsection (b)" is an adverbial clause modifying "covered class action brought in any State court involving a covered security." *See, e.g., Purowitz,* 2005 LEXIS 46911, at *6-7 ("As this Court reads subsection (c), the phrase 'as

---

[14] Plaintiffs claim that *Brody* was subsequently overruled by *Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.*, which is another Central District of California case. *See* No. CV 05-2730-RGK, 2005 U.S. Dist. LEXIS 14202, *6 (C.D. Cal. June 28, 2005). Beyond the obvious fact that one district court cannot "overrule" another, Plaintiffs neglect to mention that in the most recent Central District of California case to address this issue, the court recognized "there is a split in authority in this district," and denied the motion to remand while expressly stating it was in agreement with *Brody*. *Purowitz*, 2005 U.S. Dist. LEXIS 46911, at *2-3.

set forth in subsection (b)' does not modify merely "[a]ny covered class action", but rather the entire preceding phrase, '[a]ny covered class action brought in any State court involving a covered security'"). As an adverbial phrase, "as set forth in subsection (b)" modifies the verb in the preceding clause: "involving." It explains *how* a "covered class action" must involve a "covered security" to be subject to Section 16(c) (and thus removable for the purpose of dismissal). Namely, it must involve allegations of "untruth, manipulation, and so on" as explained in subsections (1) and (2) of Section 16(b). *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006).

Plaintiffs argue that "[t]he definition of the covered class action referred to in Section 16(c) is qualified by 'subsection (b).'" Motion at 9. This reading is contrary to a natural reading of Section 16(c) and illogical in the context of Section 16 as a whole. Section 16(f) already provides a detailed definition of "covered class action," and "covered security" is similarly well defined. 15 U.S.C. §§ 77p(f)(2)-(3). "Involving" is the only part of "covered class action brought in any State court involving a covered security" needing further limitation. Moreover, if Congress wanted to restrict "covered class actions" as used in Section 16(c) to state law claims, it could have simply used the phrase "covered class action based upon the statutory or common law of any State," as it did in Section 16(b). *See, e.g., Rubin*, 2007 WL 778485, at *4. Incorporating the requirements for how a "covered class action" must "involve" a "covered security" from Section 16(b) into Section 16(c), however, is not subject to such an easy fix and requires the cross reference at issue.

Despite Plaintiffs' claims to the contrary, the Supreme Court's reading of Section 16(c) in dicta in *Kircher* supports Defendants' interpretation of the adverbial phrase "as set forth in subsection (b)" as modifying the verb in the preceding clause:  "involving." In *Kircher*, the Supreme Court addressed, *inter alia*, the question of whether the universe of state law claims over which Section 16(c) grants jurisdiction is co-extensive with the universe of claims precluded by Section 16(b).  In deciding that Sections 16(b) and (c) cover the same state law claims, the Supreme Court determined that the grant of jurisdiction in Section 16(c) was "confined to cases 'set forth in subsection (b),' § 77p(c)," namely, those with claims of untruth, manipulation, and so on."  547 U.S. at 642.  The Court reasoned that "[set forth in subsection (b)] … has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception."  *Id.* In other words, the Court found that SLUSA's grant of jurisdiction in Section 16(c) was limited to "covered class actions" that involved "covered securities" in the manner laid out in Section 16(b).  Accordingly, *Kircher* supports Defendants' reading of Section 16(c) explained above.

That case, however, does not go any farther.  It does not discuss the removability of federal Securities Act claims because it was only concerned with preclusion of, and jurisdiction over, state law claims.   Nothing in *Kircher*—despite occasionally broad wording—fairly can be read as endorsing Plaintiffs' reading of Section 16(c).  *See Rubin*, 2007 WL 778485, at \*\*4-5 (reading *Kircher* to support removability of Securities Act class actions); *Knox*, 613 F. Supp. 2d at 425; *but cf. Unschuld*, 2007 WL 2729011, at \*11.

Additionally, Plaintiffs' strained interpretation is at odds with the basic canon of statutory interpretation that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.'" *Corley v. United States*, -- U.S. -- 129 S. Ct. 1558, 1566 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)).

Section 22(a)'s anti-removal provision is limited to cases *arising under the Securities Act*. If Section 16(c) limits removal to "securities class actions under State law" as Plaintiffs contend, Motion at 7, then the exception to Section 22(a)'s anti-removal provision would be unnecessary and rendered meaningless because no state law claim can be accurately described as "arising under the Securities Act." Thus, Plaintiffs' interpretation of Section 16(c) must be incorrect. *See*, *e.g.*, *Brody*, 240 F. Supp. 2d at 1124 (recognizing that applying Section 16(c) to only state law claims "would render [SLUSA's] amendments to [Section 22(a)] meaningless"); *Kulinski*, 2003 WL 24032299, at *4 (stating that Plaintiffs' interpretation "seeks to ignore [SLUSA's] amendments to the Securities Act", in particularly those found in Section 22(a)); *Alkow*, 2003 WL 21056750, at *1 (stating that under Plaintiffs' interpretation "no claims arising under the 1933 Act would be removable, and the exception language in [Section 22(a)] would be meaningless").

Defendants' interpretation, on the other hand, harmonizes the exceptions that SLUSA added to the first and fourth sentences in Section 22(a) and provides independent meaning for each:

This Court's interpretation of Section 22(a)'s jurisdictional provision also harmonizes with the rest of SLUSA. In particular, it is consistent with SLUSA's addition to the anti-removal provision. After SLUSA, covered class actions asserting either 1933 Act claims or certain state law claims or both are removable, but individual 1933 Act claims are not subject to removal. Thus, the exception to the anti-removal provision prevents plaintiffs from frustrating removal of state-law based covered class actions by adding a non-removable individual 1933 Act claim to an otherwise removable state-law based covered class action.

*Knox*, 613 F. Supp. 2d at 425.

## III.   There Is No Presumption Against the Removability of This Lawsuit

Plaintiffs assert that Defendants "bear the burden of establishing that the removal of a class action lawsuit under SLUSA was proper and that this Court has subject matter jurisdiction." Motion at 5. Plaintiffs then conflate the jurisdictional components and the removal components of Sections 22(a) and 16(c)[15] in a futile effort to establish that there is a presumption against removal of federal claims. Plaintiffs' argument (and some of the cases they cite disallowing removal)[16] is premised on general statements to the effect that—"[statutes] conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited

---

[15]   Plaintiffs also conflate claim preclusion under SLUSA (Section 16(b)) with removability (Section 16(c)). They incorrectly assert that the test for determining whether SLUSA precludes a state law securities claim applies also to determining when a claim can be removed. Motion at 7. Not surprisingly, Section 16(b) requires that the claims at issue be "based on state law," in order to be precluded as only state law claims could be precluded. But, preclusion is not an issue with federal claims (and jurisdiction is supplied here by 28 U.S.C. § 1331 and Section 22(a)), so there is no reason why the test applied to determine if SLUSA precludes a state law claim would apply to the question of whether the federal law securities claims at issue in this case are removable.

[16]   *See, e.g.*, *In re Waste Mgmt., Inc. Secs. Litig.*, 194 F. Supp. 2d at 592.

tribunals."[17]   While the quoted language and cited cases make a generally valid point regarding subject matter jurisdiction, it has nothing to do with whether *federal law* claims are removable.

In Plaintiffs' cited cases, the issue of removability depended on whether the federal court had subject matter jurisdiction over the claims at issue, not on whether there was a procedural prohibition against removal.  *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1097 (10th Cir. 2005) (the court narrowly construed CAFA in denying defendant's motion for leave to appeal for "lack of subject matter jurisdiction."); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001) (addressing the sufficiency of the amount at issue to determine the court's diversity jurisdiction); *Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th Cir. 1993) (addressing claim of fraudulent joinder that threatened to destroy diversity); *Grabow v. PricewaterhouseCoopers LLP*, 313 F. Supp. 2d 1152, 1154 (N.D. Okla. 2004) (acknowledging that the burden on defendant seeking removal of state common law securities claims was to prove "the existence of jurisdiction").[18]   This is a very different situation.

It is indisputable that the Court has subject matter jurisdiction over the claims at

---

[17] Motion at 6 (quoting *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) and citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).  *See also Grabow v. PricewaterhouseCoopers LLP*, 313 F. Supp. 2d 1152, 1154 (N.D. Okla. 2004).

[18] Federal courts are courts of limited jurisdiction, so it is not surprising that they recognize that questions about subject matter jurisdiction should be resolved against exercising jurisdiction if there are doubts.  The same reasoning does not apply to issues of removability of clearly federal law claims.

issue here because the claims are based on a federal statute (the Securities Act), and

Section 22(a) of that statute provides that federal courts have subject matter jurisdiction.

Although Section 16(c) provides for removal jurisdiction over certain state law securities

claims, it is not the source of the Court's jurisdiction over this lawsuit.  Section 16(c), at

most, simply provides an exception to the procedural bar against removal contained in

Section 22(a) (one that, as is explained above, does not even apply here).  Where, as here,

the Court's subject matter jurisdiction is indisputable, there is no justification for a

presumption against Defendants' ability to remove. [19]

In fact, Plaintiffs' "presumption" has it exactly backwards.  The Supreme Court

has specifically directed courts to interpret SLUSA broadly:

> The presumption that Congress envisioned a broad construction follows
> not only from ordinary principles of statutory construction but also from
> the particular concerns that culminated in SLUSA's enactment.  A narrow
> reading of the statute would undercut the effectiveness of the 1995 Reform
> Act and thus run contrary to SLUSA's stated purpose, viz., 'to prevent
> certain State private securities class action lawsuits alleging fraud from
> being used to frustrate the objectives' of the 1995 Act.  As the *Blue Chip
> Stamps* Court observed, class actions brought by holders pose a special risk
> of vexatious litigation.  It would be odd, to say the least, if SLUSA
> exempted that particularly troublesome subset of class actions from its
> preemptive sweep.

*Dabit*, 547 U.S. at 98 (internal citations omitted).  *See also* S. Rep. 105-182, at 6 ("While

the Committee believes that it has effectively reached those actions that could be used to

---

[19] Courts that have applied such a presumption in cases like this have done so mistakenly
in reliance on inapposite cases that dealt with state law claims where jurisdiction and
removability were essentially the same issue, for example diversity jurisdiction cases.
*See, e.g. In re Waste Mgmt., Inc. Secs. Litig.*, 194 F. Supp. 2d at 592 (addressing
removability of federal law securities claims but relying on *Shamrock Oil & Gas Corp. v.
Sheets*, 313 U.S. 100, 108 (1941), which was concerned with jurisdiction).

circumvent the reforms enacted by Congress in 1995 as part of the Private Securities Litigation Reform Act, it remains the Committee's intent that the bill [SLUSA] be interpreted broadly.")

## IV.     Disallowing Removal of Federal Class Action Securities Claims Contradicts the Language and Purpose of SLUSA

A court should only look to the legislative history of a statute if its language is ambiguous.  *See, e.g., Douglas S. v. Altius Health Plans, Inc.*, 409 F. App'x 219, 226 (10th Cir. 2010) ("[I]t is only appropriate to turn to legislative history and relevant policy considerations when the statutory language is ambiguous or unclear.").    The constructions of Sections 22(a) and 16(c) set out above are based on the plain meanings of those provisions and cohere with the Securities Act as a whole.   Therefore, the Court need not look at SLUSA's legislative history.   Nonetheless, the purposes of SLUSA as explained in that act's legislative history confirm that Defendants' reading of the statute is the correct one:

> The narrow reading granting remand creates a jurisdictional anomaly because it has the effect of prohibiting state securities fraud claims in state court, while allowing federal securities fraud class actions to be litigated there.  It also does not make sense.

*Knox*, 613 F. Supp. 2d at 423-25.  Many other cases—which Plaintiffs ignore—have held the same.[20]

_____

[20] *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at *2 (removal of federal securities act claims "is in harmony with SLUSA's goals"); *Rubin*, 2007 WL 778485, at *5 ("[a] holding that a class action complaint labeled as a state law or common law cause of action is removable, and one labeled as a Securities Act violation is not . . . would undermine the principal purpose of SLUSA" (internal quotations omitted)); *Rovner*, 2007

Plaintiffs purport to rely on SLUSA's legislative history and fault Defendants for not reciting the legislative history in their Notice. Plaintiffs, however, do not actually cite any legislative history and instead rely only on the opinion in *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 322 F. Supp. 2d at 121, which concluded that "Congress attempted to prevent plaintiffs from circumventing the PSLRA by enact[ing] national standards for securities class action lawsuits involving nationally traded securities . . . rather than by making federal courts the exclusive forum for Securities Act class actions alleging fraud." *Id*. (internal quotation and citation omitted). With respect, the *In re Tyco Int'l* court's conclusion is faulty. SLUSA's legislative history contains numerous statements that demonstrate Congress's intent that SLUSA create exclusive jurisdiction over all class action lawsuits involving nationally traded securities.

---

WL 446658, at *5 ("the plain language of the statute, coupled with the legislative history and a healthy dose of common sense compel the conclusion that this class action, which alleges only federal Securities Act claims, was removable"); *Pinto*, 2007 WL 1381746, at *2 (denying removal would "undermine the principle purpose of SLUSA"); *Purowitz*, 2005 U.S. Dist. LEXIS 46911, at *8 ( "not only is Plaintiff's interpretation of the relevant provisions of SLUSA unconvincing in its own right, it is simply irreconcilable with the manifest intent of Congress in enacting the legislation"); *Lowinger*, 2005 WL 2592229, at *4 ("there is no question that permitting timely removal of class actions consisting of 1933 Act claims is consistent with Congress' express intention to make Federal court *the exclusive venue* for securities fraud class action litigation" (internal quotations omitted")); *In re King Pharm., Inc.*, 230 F.R.D. at 504 ("[b]oth the legislative history and common sense support the removability of class actions filed in state court asserting claims exclusively under the 1933 Act"); *Brody*, 240 F. Supp. 2d at 1124 (granting removal while calling Plaintiffs' interpretation "irreconcilable" with legislative history); *Kulinski*, 2003 WL 24032299, at *4 ("Plaintiff's interpretation, that SLUSA and the relative case law only authorize the removal of causes of action based on state law, is inconsistent with the congressional findings, legislative history, and the language of the amendment itself."); *Alkow*, 2003 WL 21056750, at *2 (Plaintiffs' interpretation is "irreconcilable with the congressional findings.").

Senator Gramm, the author of the legislation, summed up the issue succinctly: "What [SLUSA] says is that in the case of class-action suits, and class-action suits only, if a stock is traded on the national market, if it is a national stock, then the class-action suit **has to be filed in Federal court.**"  143 Cong. Rec. S10475 (daily ed. Oct. 7, 1997) (Statement of Sen. Gramm) (emphasis added).  Senator Gramm's statement echoes many others in SLUSA's legislative history:

- Representative Anna G. Eshoo: "This is a narrowly focused bipartisan bill that closes a loophole in the 1995 Private Securities Litigation Reform Act that allowed for, or created really, a circumvention to State courts." 144 Cong. Rec. H6059 (daily ed. July 21, 1998) (statement of Rep. Eshoo).

- Representative Christopher Cox:  "To address this inequity and assert that national markets require nationally applied rules, this legislation will make federal courts the exclusive venue for large-scale securities fraud lawsuits involving securities subject to federal regulation under the 1996 National Markets Act." 144 Cong. Rec. H6060 (daily ed. July 21, 1998) (statement of Rep. Cox).

- Representative Michael Oxley:  "This legislation before us today eliminates the State court loophole by creating a set of uniform standards for class action lawsuits and eliminates a lot of these fishing expeditions that take place as a result." 144 Cong. Rec. H6063 (daily ed. July 21, 1998) (statement of Rep. Oxley).

- Representative Zoe Lofgren:  "The Securities Litigation Uniform Standards Act of 1998 will finally slam the door on strike suits by establishing Federal court as the exclusive venue for securities class actions." 144 Cong. Rec. E1383 (daily ed. July 22, 1998) (statement of Rep. Lofgren).

- Representative Tauzin:  "we are here tonight to perfect [the PSLRA], to say you cannot use the State courts to do the same illicit, abusive strike suits that you were formerly doing in Federal court." 144 Cong. Rec. H6058 (daily ed. July 21, 1998) (statement of Rep. Tauzin).

- SEC Chairman Arthur Levitt:  "the bill generally provides that class actions can be brought only in federal court where they will be governed by federal law." 144 Cong. Rec. S12444-45 (daily ed. Oct. 13, 1998) (letter from Arthur Levitt to Senators D'Amato, Gramm, Dodd).

24

None of the statements limit SLUSA removal to securities class actions based on state law, as opposed to federal law.

Based on the foregoing, it is clear that Congress's intent in enacting SLUSA was to grant exclusive jurisdiction to the federal courts over class action lawsuits involving nationally traded securities, as is the case here.

## V.         There is No Basis to Award Attorneys' Fees or Costs

Plaintiffs' request for attorneys' fees under 28 U.S.C. § 1447(c) is meritless.  As demonstrated above, Defendants' removal is proper, and Plaintiffs' Motion should be denied.  Even if remand were appropriate, there is no basis to award fees because Defendants had an "objectively reasonable basis" for seeking removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-141 (2005); *see also, Archuleta v. Taos Living Ctr., LLC*, No. CIV 10-1150 JBIACT, 2011 U.S. Dist. LEXIS 65482, *45 (D.N.M. May 30, 2011) (denying fees where "Defendants made good-faith arguments, with supporting authority").  Given that a majority of courts have held that Securities Act class actions are removable, Defendants had a more than objectively reasonable basis for seeking removal.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' Motion for Remand.

DATED:  July 8, 2011.

Respectfully submitted,

s/ Mack J. Morgan III

MACK J. MORGAN III, OBA #6397
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway Ave., Suite 1800
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-7700
Facsimile:  (405) 239-6651
mack.morgan@crowedunlevy.com


KENNETH P. HELD (admitted *Pro Hac Vice*)
RONALD L. ORAN (admitted *Pro Hac Vice*)
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone:  (713) 758-2222
Facsimile:  (713) 615-5219
kheld@velaw.com
roran@velaw.com

**ATTORNEYS FOR DEFENDANTS GMX RESOURCES, INC., KEN L. KENWORTHY, JR., AND JAMES A. MERRILL**


s/ Joe M. Hampton

(*signed by filing attorney with permission*)
JOE M. HAMPTON, OBA # 11851
CORBYN HAMPTON PLLC
211 N. Robinson, Suite 1910
Oklahoma City, Oklahoma 73102
Telephone:  (405) 239-7055
Facsimile:  (405) 702-4348
JHampton@Corbynhampton.com

26

ADAM S. HAKKI (admitted *Pro Hac Vice*)
RICHARD F. SCHWED (admitted *Pro Hac Vice*)
CHRISTOPHER R. FENTON (admitted *Pro Hac Vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
ahakki@shearman.com
rschwed@shearman.com
cfenton@shearman.com

**ATTORNEYS FOR DEFENDANTS BBVA SECURITIES INC., CAPITAL ONE SOUTHCOAST, INC., COLLINS STEWART LLC, CREDIT SUISSE SECURITIES (USA) LLC, FORTIS SECURITIES LLC, HOWARD WEIL INCORPORATED, JEFFERIES & COMPANY, INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN KEEGAN & COMPANY, INC., PRITCHARD CAPITAL PARTNERS, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES INC., AND WEDBUSH MORGAN SECURITIES INC.**

s/ Hugh A. Baysinger
(*signed by filing attorney with permission*)
HUGH A. BAYSINGER
PIERCE, COUCH, HENDRICKSON, BAYSINGER & GREEN, L.L.P.
1109 North Francis
Oklahoma City, OK 73016
Telephone: 405.235.1611
Facsimile: 405.235.2904
HBaysinger@piercecouch.com

**ATTORNEYS FOR DEFENDANT SMITH CARNEY & CO. P.C.**

## CERTIFICATE OF SERVICE

   I hereby certify that on this 8th day of July, 2011 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing which forwards a copy to Plaintiffs' counsel, an ECF registrant:

Jason E. Roselius
Derrick L. Morton
Nelson Roselius Terry & Morton
3540 South Boulevard, Suite 300
Edmond, Oklahoma 73013
roselius@nrtlaw.com
morton@nrtlaw.com

Christopher L. Nelson
Alessandra C. Phillips
Barroway Topaz Kessler Meltzer
   & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
cnelson@ktmc.com
aphillips@ktmc.com

Bradley E. Beckworth
Nix Patterson & Roach, LLP
205 Linda Drive
Daingerfield, Texas 75638
bbeckworth@nixlawfirm.com

s/ Mack J. Morgan III

US 954265v.6