## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORTHUMBERLAND COUNTY RETIREMENT SYSTEM, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. CIV-11-520-D |
| GMX RESOURCES, INC, et al., | ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 54]. Defendants have timely responded to the motion, and Plaintiffs filed a reply.

<u>Background:</u>

In this action, Plaintiffs assert claims based on alleged violations of the Securities Act of 1933 (the "1933 Act"), 15 U. S. C. § § 77k, 77l, and 77o.   Plaintiffs seek to represent a putative class consisting of all purchasers of GMX Resources, Inc. ("GMX") common stock pursuant or traceable to GMX's public offerings in July 2008, May 2009, and October 2009.  The only claims asserted in the Petition are based on the 1933 Act; no state law claims are alleged.  The action was filed in the District Court of Oklahoma County and removed to this Court.   In the Notice of Removal, Defendants state this Court has jurisdiction because Plaintiffs' claims are based on federal securities laws, thus conferring federal question jurisdiction pursuant to 28 U. S. C. § 1331.

In the motion to remand, Plaintiffs argue the action was not removable because the federal securities statutes preclude removal of class actions asserting only 1933 Act claims.  As more fully discussed herein, Plaintiffs argue that, because their claims are within the scope of the statute prohibiting removal, remand is mandated.  Defendants argue that, contrary to Plaintiffs' contention,

this action falls within an exception to the statutory prohibition regarding removal of securities actions.

<u>General removal standards:</u>

Because federal courts are courts of limited jurisdiction, there is "a presumption against removal jurisdiction and the party invoking federal jurisdiction bears the burden of proof." *Fleming Bldg. Co., Inc. v. Columbia Cas. Co.,* 751 F. Supp. 2d 1218, 1219 (N.D. Okla. 2010) (citing *Penteco Corp. v. Union Gas System,* 929 F. 2d 1519, 1521 (10th Cir. 1991)).  When a party files a motion to remand challenging the removal of an action from state court, the burden is on the removing party "to show jurisdiction by a preponderance of the evidence." *Karnes v. Boeing Co.,* 335 F. 3d 1189, 1190 (10th Cir. 2003) (citing *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.,* 190 F. 3d 1156, 1160 (10th Cir. 1999)).  Where, however, "the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception."  *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 698 (2003).

<u>Discussion:</u>

Pursuant to 15 U. S. C. § 77v(a), both federal and state courts have original jurisdiction over actions brought pursuant to the 1933 Act.[1]  The jurisdiction section was amended as a result of the passage of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  The effect of several of the SLUSA provisions is the focal point of the instant motion.

In its jurisdiction section, the 1933 Act also contains a provision prohibiting removal of actions commenced in state court except as set forth in § 77p(c), one of the provisions added by SLUSA.  Section 77v(a), with the SLUSA amendments shown in italics, provides in relevant part:

---

[1]In contrast, the Securities Exchange Act of 1934 ("1934 Act") confers exclusive jurisdiction in the federal courts.  15 U.S.C. § 78aa.  In this case, however, Plaintiffs do not assert claims based on the 1934 Act.

The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. ... *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. ...

15 U. S. C. § 77v(a).   Defendants contend this action falls within the exception in § 77p(c),[2] and was, therefore, properly removed.

In addition to amended § 77v(a), SLUSA added several other provisions which bear on the issue currently before the Court.  They are §§ 77p(b) (class action limitations), 77p(c) (removal of covered class actions), 77p(f)(2) (definition of "covered class action"), and 77p(f)(3) (definition of "covered security").

Section 77p(b) provides:

 (b) Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging–

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U. S. C. § 77p(b).

Section 77p(c) states:

---

[2]In the Notice of Removal, Defendants expressly cite 15 U.S.C. §§77v(a) and 77p(c) as the statutes authorizing removal.  Other than the provisions of 28 U.S.C. §1441 authorizing removal of cases involving a federal question, no other statutory basis for removal is alleged.

(c) Removal of covered class actions.

Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U. S. C. § 77p(c).

The statute defines a "covered class action" in § 77p(f)(2) as follows:

The term "covered class action" means –
(i) any single lawsuit in which –

(I) damages are sought on behalf of more than 50 persons or prospective class members, and question of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual person or members; or

(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or

(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which –

(I) damages are sought on behalf of more than 50 persons; and

(II) the lawsuits are joined consolidated, or otherwise proceed as a single action for any purpose.

15 U. S. C. § 77p(f)(2)(A).

A "covered security" is defined as a security "listed, or authorized for listing on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities)."   15 U. S. C. § 77p(f)(3) (cross-referencing to § 77r(b)(1)).

4

In this case, Defendants argue the SLUSA provisions authorize removal of Plaintiffs' action to this Court because it satisfies the definition of a "covered class action," and Plaintiffs' claims assert material misrepresentations or omissions with regard to the securities offerings of GMX. Plaintiffs do not dispute that this case involves a "covered class action" and that GMX's stock constitutes "covered securities" as defined by the 1933 Act.

Plaintiffs argue that removal is not authorized because the SLUSA restriction on class actions applies only to claims "based upon the statutory or common law of [a] *State*," as set forth in § 77p(b) (emphasis added).   Plaintiffs contend that, because the removal provision in § 77p(c) contains an express reference to § 77p(b), the two statutes must be read together and interpreted as permitting removal only of securities class actions based on state law.  Because Plaintiffs' claims are based only on federal law embodied in the 1933 Act, they contend the § 77p(c) removal provision does not apply to this case.  Instead, Plaintiffs argue the 1933 Act's express prohibition of removal applies, and this case must be remanded pursuant to 15 U. S. C. § 77(d)(4) (a court concluding a class action removed pursuant to § 77p(c) may be maintained in state court "shall remand such action").

Neither the Tenth Circuit[3] nor this Court have been presented with the specific question whether the removal statute covers a class action based only on the 1933 Act and not including any state statutory or common law claims.   Plaintiffs and Defendants acknowledge that there is a division of authority among the courts which have considered the question.

As Plaintiffs point out, some district courts have interpreted the statute as applicable only to actions based on state law.  *See* Plaintiffs' Motion and Brief, pp. 10-11 and cases cited therein.

---

[3]As the parties suggest, few circuits have considered the application of the preclusion and removal provisions of SLUSA because federal court remand orders are not reviewable on appeal.  28 U.S.C. § 1447(d).  In *Kircher v. Putnam Funds Trust*, 574 U. S. 663 (2006), the Court held the §1447(d) bar applies to decisions applying §77p(c). *Kircher,* 547 U.S. at 642.

Under this interpretation of SLUSA, removal of a federal securities class action claim from state court is *not* permitted, and removal is limited to class actions based on state law. *See*, *e.g.*, *Unschuld v. Tri-S Security Corp.*, 2007 WL 2729011, at *11 (N. D. Ga. Sept. 14, 2007) (unpublished opinion).

As Defendants suggest, however, other courts have held to the contrary, and have concluded that the removal provisions of § 77p(c) apply to *all* securities class actions originating in state court, whether or not the actions are based only on state law. *See*, *e.g.*, *Rubin v. Pixelplus Co.*, 2007 WL 778485 (E.D. N.Y. Mar. 13, 2007) (unpublished opinion), and cases cited in Defendants' Response Brief, p. 1, n. 3.

Although both sides assert that the cases supporting their respective positions represent the greater weight of authority, this Court has been unable to discern from the cases a clear majority position. Similarly, Plaintiffs *and* Defendants argue that Supreme Court dicta in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), militates in their favor. Not surprisingly, district court cases coming down on opposite sides of the question cite to *Kircher* for support. *See, e.g., Unschuld*, 2007 WL 2729001 at * 10-11, and *Rubin*, 2007 WL 778485 at * 4-5.

A review of SLUSA's legislative history, however, reflects that in enacting SLUSA Congress intended the result advocated by Defendants: that federal court would be "the exclusive venue for most securities class action lawsuits." H. R. Conf. Rep. No. 105-803 at 13 (from the Joint Explanatory Statement of the Committee of Conference). Although some courts have commented that the purpose of Congress in enacting SLUSA is subject to varying interpretations (*see, e.g., Unschuld,* describing SLUSA's legislative history as "murky"), legislative intent seems clearly stated in the joint House and Senate Explanatory Statement, which further provides: "Under

6

[SLUSA], class actions relating to a 'covered security' ... alleging fraud or manipulation *must be maintained* pursuant to the provisions of Federal securities law, in Federal courts . . . . 'Class actions' that [SLUSA] bars from state court *include* actions brought on behalf of more than 50 persons, actions brought on behalf of one or more unnamed parties, and so-called 'mass actions,' in which a group of lawsuits filed in the same court are joined or otherwise proceed as a single action." *Id.* (emphasis added).[4]

A significant weakness of the interpretation advanced by Plaintiffs is that it fails to reconcile SLUSA's amendment to the jurisdictional provision (§ 77v(a)) of the 1933 Act – which carves out "covered class actions" as provided for in § 77p from concurrent state-federal jurisdiction of "offenses and violations under this subchapter" (i.e. violations of the 1933 Act) – with the SLUSA provisions regarding preclusion of state law class actions (§ 77p(b)) and removal of covered class actions (§ 77p(c)). Plaintiffs' interpretation reduces SLUSA's amendment of the jurisdictional provision to mere surplusage: a state law based securities class action cannot amount to a violation "under this subchapter." *See, e.g., Alkow v. TXU Corp.*, 2003 WL 21056750 (N.D. Tex. May 8, 2003)(unpublished opinion). Moreover, use of the utterly unrestricted word "any" in connection with "covered class action" in the removal provision (§ 77p(c)) belies a purported intent of Congress to limit removal to only the precluded state law actions addressed in § 77p(b).

When viewed in light of Congress's broad goal of making federal court the "exclusive

---

[4]Plaintiffs' argument in their Reply that general references in the SLUSA legislative history to "securities fraud" class actions indicate that SLUSA does not target securities class actions sounding in strict liability or negligence is not supported by the language of the statute. For instance, § 77p(b) covers *both* cases involving allegations of "an untrue statement or omission of material fact" and those involving allegations of use of any "manipulative or deceptive device or contrivance."

venue" for the bulk of securities class actions, the more sensible reading of § 77p(c) and its reference

to subsection (b) is that it makes removable any covered class action which includes allegations

described in § 77p(b)(1) and (2).  To accept Plaintiffs' argument would require this Court to agree

that the purpose of SLUSA was to create the anomalous result of making purely state law securities

class action suits removable to federal court (where § 77p(b) requires their prompt dismissal), but

*requiring* securities class actions brought in state court and asserting purely federal claims to remain

in state court, subject to the diverse procedural regimes of the various states.[5]  Such a result is

directly contrary to the stated intent of Congress.

This Court's natural and commonsense reading of the statutory provisions in question, in

light of the clear statements of Congressional intent in connection with the enactment of SLUSA,

leads the Court to conclude that the line of cases represented by *Rubin* and *Alkow* and relied upon

by Defendants is most persuasive.  The Court therefore concludes that the present case was properly

removed to federal court.

Conclusion:

Accordingly, Plaintiffs' motion to remand [Doc. No. 54] is DENIED.  The case will proceed

according to the schedule set forth in the Court's Order [Doc. No. 66] entered on July 6, 2011.

IT IS SO ORDERED this 16th day of November, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5]In 1995 Congress passed the Private Securities Litigation Act (codified in part at 15 U. S. C. § § 77z-1, 78u) which, *inter alia*, sets heightened pleading requirements for securities class actions, restricts discovery under certain circumstances, impacts selection of lead plaintiff, and provides for sanctions for frivolous litigation.  A stated purpose of the legislation was to implement needed procedural protections to discourage frivolous litigation.  *See Rubin*, 2007 WL 778485, at *2.