**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NORTHUMBERLAND COUNTY RETIREMENT SYSTEM, et al.,** ) ) ) ) Plaintiffs, ) ) vs. ) ) **GMX RESOURCES, INC., et al.** ) ) Defendants. ) ) ) ) | NO. CIV-11-00520-D |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE BERBENICH GROUP TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

**PRELIMINARY STATEMENT**

Timothy Berbenich, Kristy Berbenich and Thomas Janowitz (the "Berbenich Group" or "Movant"),[1] hereby moves to be appointed Lead Plaintiff in this action pursuant to §27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of their selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class in this case.

The Berbenich Group fully understands their duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certifications and Loss Chart attached to the Declaration of Don Strong in Support of the Motion of the Berbenich Group to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Strong Decl.") at Exhibit A and Exhibit B, the Berbenich Group has suffered losses of $56,836.95 as a result of their purchases of shares of GMX common stock pursuant and/or traceable to the Company's false and misleading Registration Statements and Prospectuses issued in connection with the July 17, 2008, May 13, 2009 and October 22, 2009 public offerings (collectively, the "Offerings"). To the best of their knowledge, the Berbenich Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Berbenich Group's Certifications demonstrates their intent to serve as Lead

---

[1] The members of the Berbenich Group know each other from a pre-existing relationship prior to this litigation.

Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[2] Moreover, the Berbenich Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Berbenich Group respectfully submits this memorandum of law in support of their motion, pursuant to §27(a)(3)(B) of the Securities Act, as amended by the PSLRA, for an order: (1) appointing the Berbenich Group as Lead Plaintiff in this action pursuant to Section 27(a)(3)(B) of the Securities Act; and (2) approving the Berbenich Group's selection of the law firm of KSF as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Northumberland County Retirement System, et al v. GMX Resources, Inc., et al*, CJ-2011-1664 (D. Ct. Okla. County), was filed on behalf of plaintiff Jennifer Bechtel in the District Court of Oklahoma County in the State of Oklahoma on March 10, 2011. The Defendants removed the case to this Court on May 12, 2011. On June 10, 2011, Plaintiffs filed a Motion to Remand the Case to State Court. On November 16, 2011, this Court denied the Plaintiffs' Motion to Remand to State Court. On December 5, 2011, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), the first notice

---

[2] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). A copy of the Berbenich Group's Certifications of their transactions in GMX common stock purchased pursuant and/or traceable to the Company's Registration Statements and Prospectuses issued in connection with the Offerings is attached as Exhibit A to the Strong Declaration that has been filed in support of this motion.

that a class action had been initiated against Defendants was published on *PRNewswire*, a widely-circulated national wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than February 3, 2012. *See* Strong Decl. at Exhibit B.

The Berbenich Group consists of three Class Members (*see* Strong Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the December 5, 2011 notice.

## **STATEMENT OF FACTS**[3]

GMX is an Oklahoma Corporation with its principal executive offices located in Oklahoma City, Oklahoma. GMX is a "pure play" independent oil and natural gas exploration and production company, which is focused on the development of unconventional Haynesville/Bossier Shale and Cotton Valley Sands in the Sabine Uplift of the Carthage, North Field of Harrison and Panola counties of East Texas. The Company states that it is a "pure play" company because materially all of its business is devoted to drilling for and producing oil and natural gas in one core area.

GMX, its President and Chief Executive Officer, its Chief Financial Officer, the Underwriters involved in the Offerings and the Company's registered public accounting firm are each charged with including or allowing the inclusion of materially false and misleading statements in the Registration Statements and Prospectuses issued in

---

[3] These facts were derived from the allegations contained in the class action styled as *Northumberland County Retirement System, et al v. GMX Resources, Inc., et al*, CJ-2011-1664 (D. Ct. Okla. County) (filed March 10, 2011).

4

connection with the Offerings (the "Offering Materials"), in direct violation of the Securities Act of 1933.

Specifically, Defendants each permitted the inclusion, in the Registration Statements and Prospectuses filed in connection with the Offerings, of statements that GMX maintained adequate internal controls, statements that its financial statements for fiscal 2007 and 2008 (which were incorporated by reference in the Offering Materials) fairly represented the financial position of the Company and its subsidiaries as of December 31, 2007 and December 31, 2008, respectively, and statements of its financial performance in the first two quarters of 2009. These statements were untrue and omitted material facts at the time the statements were issue. At the time of the Offerings, (1) the Company had incorrectly accounted for full cost pool impairment and other impairment charges; (2) the Company had incorrectly accounted for deferred income taxes; (3) the Company's financial statements were not prepared in accordance with GAAP; and (4) the Company lacked adequate internal and financial controls.

It was only on March 11, 2010, however, that GMX began to reveal the truth about the Company's improper financial statements and defective controls, with a report that the Company had been forced to restate its earnings for 2008 and the first three quarters of 2009, increasing its 2008 loss by more than 50%. Later, on March 16, 2010, GMX filed its 2009 Annual Report, in which it further restated its financial results for fiscal year 2008 and its quarterly results for 2009. Additionally, this Annual Report noted that GMX had identified a material weakness in its internal control over financial reporting due to management's improper application of GAAP.

In the time since these belated disclosures, shares of the Company have fallen in value, reaching $5.06 at the time of the filing of this action. The decline in the price of GMX was a direct result of Defendants' belated disclosure of material adverse events that existed at the time of the Offerings.

## ARGUMENT

I. **THE BERBENICH GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

   A. **The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing Class Members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). After a delay caused by the Plaintiff's Motion to Remand the Case to State Court, such notice was published on *PRNewswire* on December 5, 2011. *See* Strong Decl. Exhibit C.[4] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than February 3, 2012. Within 60 days after publication of the required notice, any

---

[4] *PRNewswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a
> > notice…
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-1(a)(3)(B)(iii).

### B. The Berbenich Group is "The Most Adequate Plaintiff"

#### 1. The Berbenich Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

The Berbenich Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. Notice was published on *PRNewswire*, a national wire service, on

December 5, 2011.  Accordingly, the Berbenich Group meets the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and has filed their motion by February 3, 2012.

Moreover, the Berbenich Group has sustained a substantial loss from their investment in GMX stock and has shown their willingness to represent the Class by signing a Certification detailing their GMX transaction information.  *See* Strong Decl. Exhibit A.  As demonstrated by their Certifications, the Berbenich Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice.  In addition, the Berbenich Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm biography of proposed Lead Counsel, KSF, is attached as Exhibit D to the Strong Declaration.

### 2.     The Berbenich Group Has the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).  As demonstrated herein, the Berbenich Group (with losses of $56,836.95) has the largest known financial interest in the relief sought by the Class.  *See* Strong Decl. Exhibit A.

### 3.     The Berbenich Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *see also Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). The Berbenich Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i.   The Berbenich Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims are the same or similar as the Class claims, but they need not be identical so long as the claims are based on the

same legal or remedial theory. *See Lane v. Page*, 250 F.R.D. 634, 641 (D.N.M. 2007); *see also Adamson v. Bowen*, 855 F. 2d 668, 676 (10th Cir. 1988).

In this case, the typicality requirement is met because the Berbenich Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. The Berbenich Group and all of the Class Members purchased GMX shares pursuant and/or traceable to the Company's false and misleading Registration Statements and Prospectuses issued in connection with the Offerings, when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the Berbenich Group and the Class Members suffered damages as a result of these purchases. Simply put, the Berbenich Group, like all other Class Members:  (1) purchased GMX stock pursuant and/or traceable to the Company's false and misleading Registration Statements and Prospectuses issued in connection with the Offerings; (2) purchased GMX stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Berbenich Group's claims and injuries "arise from the same event or course of conduct, and are based on the same legal theory." *See Lane*, 250 F.R.D 641, *see also Adamson*, 855 F. 2d 676. The Berbenich Group is not subject to any unique or special defenses. Thus, the Berbenich Group meets the typicality requirement of Fed. R. Civ. P. Rule 23, because their claims are the same as the claims of the other Class Members.

        **ii.**      **The Berbenich Group Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B).

The Berbenich Group's interests are clearly aligned with the members of the Class because their claims are identical to the claims of the Class. There is no evidence of antagonism between their interests and those of the proposed Class Members. Furthermore, the Berbenich Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Berbenich Group's identical interest with the members of the Class, clearly shows that the Berbenich Group will adequately and vigorously pursue the interests of the Class. In addition, the Berbenich Group has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent him.

In sum, because of the Berbenich Group's common interests with the Class Members, their clear motivation and ability to vigorously pursue this action, and their competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since the Berbenich Group not only meet both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and have sustained the largest

amount of losses at the hands of the Defendants, they are, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## II. THE COURT SHOULD APPROVE THE BERBENICH GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Berbenich Group has selected KSF to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Strong Decl. Exhibit C. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Berbenich Group respectfully requests that this Court: (1) appoint the Berbenich Group to serve as Lead Plaintiff in this consolidated action; (2) approve the Berbenich Group's selection of Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 3, 2012                    Respectfully submitted,

**STRONG, MARTIN & ASSOCIATES, PLLC.**

BY: ____/s/ Don S. Strong_____
Don S. Strong, OBA No. 13874

G. Stephen Martin, OBA No. 17091
2700 First National Center
120 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 604-7500
Facsimile: (405) 604-7503
dss@strongmartin.com
gsm@strongmartin.com

*Local Counsel for the Berbenich Group and Proposed Local Counsel for the Class*

KAHN SWICK & FOTI, LLC
Kim E. Miller
500 5th Avenue, Suite 1810
New York, NY 10110
Telephone:  (212) 696-3730
Facsimile:   (504) 455-1498

- AND -

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
206 Covington Street
Madisonville, Louisiana 70447
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for the Berbenich Group and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on February 3, 2012.

                                         /s/ Don S. Strong
                                           Don S. Strong