# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| 1) NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and <br> 2) OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> 1) GMX RESOURCES INC., <br> 2) KEN L. KENWORTHY, JR., <br> 3) JAMES A. MERRILL, <br> 4) JEFFERIES & COMPANY, INC., <br> 5) HOWARD WEIL INCORPORATED, <br> 6) MORGAN KEEGAN & COMPANY, INC., <br> 7) CAPITAL ONE SOUTHCOAST, INC., <br> 8) COLLINS STEWART LLC, <br> 9) PRITCHARD CAPITAL PARTNERS, LLC, <br> 10) TUDOR, PICKERING, HOLT & CO. SECURITIES, INC., <br> 11) MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, <br> 12) BBVA SECURITIES INC., <br> 13) FORTIS SECURITIES LLC, <br> 14) WEDBUSH MORGAN SECURITIES INC., <br> 15) CREDIT SUISSE SECURITIES (USA) LLC and <br> 16) SMITH CARNEY & CO., P.C., <br><br> Defendants. | Civil Action No. 11-cv-00520-D <br><br> <u>CLASS ACTION</u> |

### NORTHUMBERLAND COUNTY RETIREMENT SYSTEM AND OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM'S OPPOSITION TO THE BERBENICH-JANOWITZ GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND LEAD COUNSEL

1

**PRELIMINARY STATEMENT**

Northumberland County Retirement System ("Northumberland") and Oklahoma Law Enforcement Retirement System ("OLERS") (collectively, "Northumberland-OLERS") respectfully submit this opposition to the Motion filed by the Berbenich-Janowitz Group [Dkt. No. 71].[1]

The PSLRA creates a specific process for the selection of a lead plaintiff in securities class action lawsuits. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). Under the PSLRA, the movant or group with the largest financial interest in the relief sought by the class who also makes a *prima facie* showing of typicality and adequacy is the presumptively most adequate plaintiff. *See id.* The PSLRA's process is "straightforward" and "sequential." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (describing the process for selecting a lead plaintiff under the PSLRA). Once a movant is deemed to be the presumptively most adequate plaintiff, the PSLRA allows competing movants to rebut the presumption upon "proof" of inadequacy or that the movant is subject to unique defenses. *See In re SemGroup Energy Partners, L.P., Sec. Litig.*, No. 08-CV-425-GKF-PJC, 2008 WL 4826318, at *2 (N.D. Okla. Oct. 27, 2008) ("speculative assertions are insufficient to rebut the lead plaintiff presumption") (citation omitted). If competing movants are unable to offer "proof" rebutting the presumptively most adequate plaintiff's status, the analysis ends and the presumptive lead plaintiff is appointed to prosecute the class' claims.

---

[1] The "Berbenich-Janowitz Group" includes Timothy Berbenich, Kristy Berbenich and Thomas Janowitz. All emphases herein are added unless otherwise noted.

With losses *exceeding $187,200* from their investments in securities purchased in or traceable to GMX Resources, Inc.'s ("GMX" or the "Company") common stock offerings on July 17, 2008, May 13, 2009 and October 22, 2009 (collectively, the "Offerings"), Northumberland-OLERS' asserted loss is the largest before the Court, and is **_229%_** larger than the loss asserted by the Berbenich-Janowitz Group (asserting a loss of $56,837).[2] *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also In re Williams Sec. Litig.*, No. 02-CV-72-H(M), 2002 WL 32153476, at *1 (N.D. Okla. July 8, 2002) (discussing criteria for becoming the presumptively most adequate plaintiff); *SemGroup*, 2008 WL 4826318, at *1 (same).

Moreover, Northumberland-OLERS has demonstrated their typicality and adequacy by filing the first (and still only) complaint on behalf of GMX's investors immediately preceding the one-year anniversary of the Company's restatement of its financial reports. Had it not been for Northumberland-OLERS' efforts, defendants would have strong arguments challenging the timeliness of all investors' claims. *See* 15 U.S.C. § 77m. Further demonstrating their adequacy, Northumberland-OLERS have jointly prosecuted GMX investors' claims from the inception of the case in March, 2011, while the Berbenich-Janowitz Group has been completely absent from these proceedings.[3]

---

[2] *Compare* Dkt. No. 79 at 7 *with* Dkt. No. 72 ("Berbenich-Janowitz Group Br.") at 2.

[3] Berbenich-Janowitz Group Br. (at 3) states that "[t]he first lawsuit against defendants, *Northumberland County Retirement System, et al v. GMX Resources, Inc., et al*, CJ-2011-1664 (D. Ct. Okla. County), was filed on behalf of plaintiff **Jennifer Bechtel** in the District Court of Oklahoma County in the State of Oklahoma on March 10, 2011." *Northumberland County Retirement System* was filed by Northumberland-OLERS on behalf of a class of GMX's investors. Jennifer Bechtel is not mentioned in the complaint nor does the Berbenich-Janowitz Group explain Ms. Bechtel's relationship to this action or their motion.

Here, Northumberland-OLERS is the presumptively most adequate plaintiff. The Berbenich-Janowitz Group's substantially lower financial interest is sufficient without more to deny the Group's motion. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).

## ARGUMENT

### I.   Northumberland-OLERS is the Presumptively Most Adequate Plaintiff

The PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this subchapter is the person or group of persons that . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Northumberland-OLERS' motion establishes that they are clearly entitled to the presumption of adequacy under the PSLRA.

#### A.   Northumberland-OLERS Assert the Largest Financial Interest

Here, Northumberland-OLERS assert a loss of more than $187,200 from their investments in or traceable to the Offerings. *See* Dkt. No. 79 at 7. Northumberland-OLERS' asserted loss is three times (or ***229%***) greater than the $56,837 loss asserted by the Berbenich-Janowitz Group.[4] Thus, Northumberland-OLERS assert the largest financial interest in this action. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (loss given "most emphasis" when assessing financial interest under the PSLRA).[5]

---

[4] *Compare* Dkt. No. 79 at 7 *with* Dkt. No. 72 (Berbenich-Janowitz Group Br.) at 2.

[5] The Berbenich-Janowitz Group acknowledges the importance of losses under the financial interest analysis, as their loss is the only figure provided in their opening brief.

### B.   Northumberland-OLERS Satisfy the Applicable Requirements of Rule 23

As Northumberland-OLERS have the largest financial interest in this matter, the Court must now focus its attention on Northumberland-OLERS and determine, based on the information provided by Northumberland-OLERS, whether they satisfy the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *See Cavanaugh*, 306 F.3d at 730. A "'wide-ranging analysis under Rule 23 is not appropriate'" at this preliminary stage. *Williams*, 2002 WL 32153476, at *5. So long as Northumberland-OLERS make a *prima facie* showing of typicality and adequacy, they are the presumptive lead plaintiff. *See Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) ("typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA"); *Cavanaugh*, 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff"); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (holding that "**institutional investors** . . . **with large losses** will, more often than not, satisfy the typicality and adequacy requirements") (emphasis added). Northumberland-OLERS meet both requirements.

First, Northumberland-OLERS are typical because, just like all other class members, they purchased or otherwise acquired GMX securities pursuant or traceable to the Company's Offerings which were sold to investors based on documents containing untrue statements of material fact. *See Quest*, 261 F.R.D. at 611 ("[t]ypicality exists where 'the claim[s] . . . of the representative parties' are 'typical of the claims . . . of the class'"). Thus,

Northumberland-OLERS's claims are typical of other class members' claims.

Second, Northumberland-OLERS are adequate representatives. *See Williams*, 2002 WL 32153476, at *7. Northumberland-OLERS' interests are clearly aligned with the rest of the class as their claims are typical of other putative class members. Both Northumberland and OLERS have provided sworn certifications affirming their commitment to "actively monitor and vigorously pursue" the class' claims. *See* Dkt. No. 80-2. Moreover, Northumberland-OLERS have already taken significant steps demonstrating their commitment to protecting the interests of the Class. Northumberland-OLERS have been jointly prosecuting GMX's investors' claims since March 10, 2011 and remain the only plaintiffs to investigate the class' claims and file a complaint on behalf of all class members. *See Quest*, 261 F.R.D. at 610 ("[a]dequacy, for purposes of the lead plaintiff determination, is contingent upon both the existence of common interests between the proposed lead plaintiffs and the class, and ***a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action***") (citation and internal quotations omitted). By contrast, the Berbenich-Janowitz Group has been completely absent from this litigation.

### C. Northumberland-OLERS is the Prototypical Lead Plaintiff Envisioned by the PSLRA

The appointment of Northumberland-OLERS not only follows the letter of the PSLRA but it also fulfills a critical legislative goal underlying the PSLRA's enactment.

The framers of the PSLRA clearly intended that institutional investors serve as lead plaintiffs in class action lawsuits arising under the federal securities laws. *See e.g., In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967, 2008 WL 2796592, at *4 (S.D.N.Y. July 16,

2008) ("The first is the (no doubt correct) perception that *the PSLRA reflects a preference on the part of the Congress that passed it that institutional investors are the most desirable lead plaintiffs*") (emphasis added); *Xianglin Shi v. Sina Corp.*, No. 05 Civ. 2154, 2005 WL 1561438, at *5 (S.D.N.Y. July 1, 2005) ("'In enacting the PSLRA, Congress expressed an intention to encourage institutional investors to step forward and assume the role of lead plaintiff in an effort to prevent lawyer-driven litigation.'") (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004)); *see also Cendant*, 264 F.3d at 243-44 ("The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs."). As recognized by the court in *Xianglin*, "[b]ecause the size and experience of institutional investors can be of significant assistance to the prosecution of the action, a number of courts 'have understood [the PSLRA] to favor large institutional investors' as lead plaintiff." 2005 WL 1561438, at *5.

Here, OLERS – located in Oklahoma – is responsible for administering retirement/survivor retirement and medical benefits for members of the law enforcement profession of the state of Oklahoma and their families. As noted in Northumberland-OLERS' opening brief, OLERS manages assets of approximately $600 million. Similarly, Northumberland is a public pension fund of over 1,350 current and retired employees of Northumberland County, Pennsylvania and manages assets of approximately $85 million.

The Berbenich-Janowitz Group simply cannot provide the class the same caliber of representation as Northumberland-OLERS.

7

## II. Berbenich-Janowitz Group's Motion Must be Denied

The Berbenich-Janowitz Group's substantially lower financial interest is sufficient, without more, to deny the Group's motion. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). The PSLRA's "sequential" lead plaintiff selection process does not allow for the consideration of the Berbenich-Janowitz Group's candidacy unless they offer "proof" rebutting Northumberland-OLERS' presumptive status. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730. As explained by the court in *SemGroup*, "[t]he burden of proof of inadequacy of the presumptive lead plaintiff rests with parties contesting its appointment. Challengers must provide a ***concrete showing*** of a conflict of interest to rebut the presumption of adequacy. Moreover, ***speculative assertions are insufficient*** to rebut the lead plaintiff presumption. ***Mere innuendo and inferences will not suffice to support allegations of atypicality*** . . . ." 2008 WL 4826318, at *2 (internal citations omitted and emphasis added). The Berbenich-Janowitz Group has offered no "proof" challenging Northumberland-OLERS' status. Accordingly, there is no basis to rebut Northumberland-OLERS' presumption of adequacy.

## III. Conclusion

For the foregoing reasons and for the reasons set forth in their opening brief [Dkt. No. 79], Northumberland-OLERS respectfully request that the Court: (i) appoint Northumberland-OLERS as Lead Plaintiff pursuant to the PSLRA; (ii) approve their selection of Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP to serve as Co-Lead Counsel for the class; and (iii) approve their selection of Nelson, Roselius, Terry & Morton as Liaison Counsel for the class.

| | |
|---|---|
| Dated: February 24, 2012 | Respectfully submitted, |

                                                    **NELSON, ROSELIUS,**
                                                    **TERRY & MORTON**

                                                    */s/ Jason E. Roselius*
                                                    Jason E. Roselius, OBA No. 16721
                                                    Derrick L. Morton, OBA No. 17934
                                                    P.O. Box 138800
                                                    Oklahoma City, OK 73113-8800
                                                    Telephone: (405) 705-3600
                                                    Facsimile: (405) 705-2573

                                                    *Proposed Liaison Counsel*

                                                    **KESSLER TOPAZ**
                                                    **MELTZER & CHECK, LLP**
                                                    Sean M. Handler
                                                    Naumon A. Amjed
                                                    Ryan T. Degnan
                                                    280 King of Prussia Road
                                                    Radnor, PA 19087
                                                    Telephone: (610) 667-7706
                                                    Facsimile: (610) 667-7056

                                                   **NIX PATTERSON & ROACH, LLP**
                                                    Jeffrey J. Angelovich, OBA No. 19981
                                                   Bradley E. Beckworth, OBA No. 19982
                                                   205 Linda Drive
                                                   Daingerfield, TX 75638
                                                   Telephone: (903) 645-7333
                                                   Facsimile: (903) 645-4415

                                                   *Counsel for Northumberland-OLERS and*
                                                   *Proposed Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following ECF registrants:

| | |
|---|---|
| Mack J. Morgan III | morgan@crowedunlevy.com |
| L. Mark Walker | walterm@crowedunlevy.com |
| Harvey D. Ellis | ellish@crowedunlevy.com |
| Melanie W. Rughani | melanie.rughani@crowedunlevy.com |
| Kenneth P. Held | kheld@velaw.com |
| L. Ronald Oran | roran@velaw.com |

*For GMX Resources, Inc., Ken L. Kenworthy, Jr. and James A. Merrill*
_____

| | |
|---|---|
| Joe M. Hampton | jhampton@corbynhampton.com |
| Amy J. Pierce | apierce@corbynhampton.com |

*For Merrill Lynch Pierce Fenner & Smith, Inc.*
*Morgan Keegan & Company, Inc*
*Jefferies & Company Inc.*
*Howard Weil Incorporated*
*Capital One Southcoast Inc.*
*Collins Stewart LLC*
*Pritchard Capital Partners LLC*
*Tudor Pickering Holt & Co Securities Inc.*
*BBVA Securities Inc.*
*Fortis Securities LLC*
*Wedbush Morgan Securities Inc*
*Credit Suisse Securities LLC*
_____

| | |
|---|---|
| Hugh A. Baysinger | hbaysinger@piercecouch.com |
| Stephen L. Olson | solson@piercecouch.com |
| Andrew R. Harroz | aharroz@piercecouch.com |

*For Smith Carney & Co PC*
_____

10

I certify that on the 24th day of February, 2012, I served the attached document by US Postal Service, First Class Delivery, on the following, who are not registered participants of the ECF System:

Adam S. Hakki
Christopher R. Fenton
Richard Schwed
Shearman & Sterling
599 Lexington Avenue
New York, NY   10022

*/s/ Jason E. Roselius*