# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br>v.<br><br>GMX RESOURCES INC., et al.,<br><br>          Defendants. | Case No. CIV-11-520-D |

**PLAINTIFFS' OPPOSITION TO SMITH CARNEY'S MOTION
TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
AND INCORPORATED BRIEF IN SUPPORT**

I.     **PRELIMINARY STATEMENT**

Plaintiffs have filed an omnibus brief (the "Omnibus Opposition") addressing the majority of the arguments included in Defendants' motions to dismiss. To the extent that Smith, Carney & Co., P.C.'s ("Smith Carney") motion to dismiss advances unique arguments not addressed in the Omnibus Opposition, Plaintiffs file this separate brief to respond to those arguments. Plaintiffs incorporate by reference herein all facts and arguments asserted in the Omnibus Opposition.[1]

II.    **SMITH CARNEY'S INDEPENDENT GROUND FOR DISMISSAL IS MERITLESS**

Smith Carney asserts that Plaintiffs' federal securities law claims must be dismissed because Plaintiffs failed to comply with a requirement of Oklahoma substantive law—the filing of a written opinion of probable cause from a qualified expert that Smith Carney committed professional negligence. Smith Carney Br. at 2-8.[2] Smith Carney cites no authority actually supporting such a remarkable proposition. Rather, Smith Carney reaches its conclusion by claiming that (1) this Court's jurisdiction is based on diversity of citizenship, (2) state substantive law can be inserted into the federal securities laws and (3) a claim under § 11 of the Securities Act of 1933 (the "Securities Act") is, in reality, a professional negligence claim governed by Oklahoma substantive law. *Id*. Each premise is incorrect.

---

[1] All emphasis is added and all internal citations and quotations are omitted unless otherwise noted.

[2] "Smith Carney Br. at ___" refers to pages within the Motion to Dismiss of Defendant, Smith Carney & Co., P.C. (Dkt. No. 116).

### A.     Jurisdiction is Based on Federal Question, Not Diversity

The most basic premise of Smith Carney's argument is, "[a] federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma Court." Smith Carney Br. at 5.  However, this Court *is not* sitting in diversity.

Plaintiffs allege purely federal securities law claims and this Court's jurisdiction is based on federal question jurisdiction, not diversity jurisdiction. 28 U.S.C. § 1331; ¶¶ 12 (citing 15 U.S.C. §§ 77k & 77o),[3] 13 (citing 15 U.S.C. § 77v), 70-82.  Indeed, when Smith Carney removed this case, it alleged original jurisdiction under 28 U.S.C. § 1331, acknowledged Plaintiffs asserted claims arising "under the laws of the United States: namely, the Securities Act," and went so far as to claim "putative class actions such as this under the Securities Act *are* subject to . . . exclusive jurisdiction . . . ." of the federal courts.  Notice of Removal (Dkt. No. 1) at ¶¶ 3-4; *see also* Opposition to Plaintiffs' Motion to Remand (Dkt. No. 67) at 9 ("The claims at issue here are federal law claims . . . .").  Moreover, because Lead Plaintiff OLERS and Defendant GMX are both Oklahoma citizens, diversity jurisdiction cannot exist in this case as a matter of law. 28 U.S.C. § 1331(a); ¶¶ 16, 17.

Accordingly, the core precept underlying Smith Carney's argument—the presence of diversity jurisdiction requiring application of Oklahoma substantive law—does not

---

[3] "¶ __" refers to paragraphs in the Amended Class Action Complaint (Dtk. No. 114).

exist in this case. While this alone is sufficient to deny Smith Carney's motion, there are additional fatally incorrect premises underlying Smith Carney's arguments.

### B. State Substantive Law Cannot Be Inserted Into the Federal Securities Laws

Smith Carney cites four cases for the apparent proposition that Oklahoma's substantive law is an element of Plaintiffs' federal § 11 claims. Smith Carney Br. at 6-7. Those cases lend no support for that proposition and, in fact, illustrate precisely the opposite point. Two of the cited cases are *state law* malpractice claims brought in federal court under *diversity jurisdiction*. *See Rotureau v. Chaplin*, No. 2:09-cv-1388, 2009 U.S. Dist. LEXIS 118618 (D.S.C. Dec. 21, 2009) (attorney malpractice); *Smith v. Planned Parenthood*, 225 F.R.D. 233 (E.D. Mo. 2004) (medical malpractice). As stated above, the claims here are *federal law* claims properly before this Court pursuant to *federal question jurisdiction*. Accordingly, these cases are inapplicable.

Smith Carney's two remaining cases involve medical malpractice claims under the Federal Tort Claims Act ("FTCA"). *See Williams v. United States*, 754 F. Supp. 2d 942 (W.D. Tenn. 2010)[4]; *Anderson v. United States*, No. 5-96-235, 1998 U.S. Dist. LEXIS 2505 (D. Minn. 1998). The FTCA is a limited waiver of sovereign immunity allowing "suits against the United States for personal injury caused by negligent acts or omissions of federal agents acting within the scope of their duties." *Williams*, 754 F. Supp. 2d at

---

[4] The block quote Smith Carney pulled from *Williams* contains citations to an additional seven cases from various jurisdictions. Smith Carney Br. at 6-7. Not surprisingly, each was a medical malpractice action, with four cases applying state substantive law in diversity actions and the remaining three cases being brought under the FTCA. Like the four cases on which Smith Carney primarily relies, none of these additional cases support Smith Carney's position.

3

948. Significantly, the FTCA contains no substantive federal law, but adopts the substantive law of the state where the alleged wrongful acts occurred. *Id*.; *see also Hill v. Smithkline Beecham Corp*., 393 F.3d 1111, 1117 (10th Cir. 2004) ("State substantive law applies to suits brought against the United States under the FTCA."). Because the FTCA mandates the application of state law, rather than federal law, to determine liability, these two cases held that the state law requiring the submission of a written expert opinion applied to claims under the FTCA.

There is, to say the least, a wide chasm between those holdings and Smith Carney's proposition that a similar Oklahoma state law provision can be inserted into the federal securities laws as an element of Plaintiffs' claims. Nothing within the Securities Act, or any interpretive case law, remotely suggests that § 11 claims incorporate any state substantive law. Additionally, Smith Carney does not cite a single authority suggesting such a result. The contention is, in a word, preposterous.

### C.     Plaintiffs' § 11 Claims are not Professional Negligence Claims

The last of Smith Carney's faulty contentions is that "Plaintiffs' claim against Smith Carney in this case attempts to state a cause of action for professional negligence." Smith Carney Br. at 4.[5] This is incorrect. The only claim alleged against Smith Carney is for violations of § 11 of the Securities Act. ¶¶ 70-73.

Smith Carney's sole "support" for this assertion is a selective quotation excised from this Court's order in *United Food and Commercial Workers Union v. Chesapeake*

---

[5] *See also* Smith Carney Br. at 2 ("In this case, Plaintiffs' claim against Smith Carney is limited to a claim of negligence under Section 11 of the Securities act.").

*Energy Corp*. Smith Carney Br. at 3 ("Plaintiffs must allege a 'negligent failure to properly disclose facts and/or the failure to ascertain facts that could reasonably have been discovered' . . . .") (quoting *United Food*, No. 09-CIV-1114 (DeGiusti, J.), 2010 WL 3527596, at *4 (W.D. Okla. Sept. 2, 2010)). In context, the Court was determining whether the complaint's sufficiency would be evaluated under Rule 8(a) or Rule 9(b) of the Federal Rules of Civil Procedure, and examined the state of mind alleged by the plaintiffs:

> Plaintiff does not allege that the defendants intentionally misstated the facts or made fraudulent representations; it expressly states in the Amended Complaint that it alleges neither fraud nor scienter. Instead, the claims are based on the *negligent failure to properly disclose facts and/or the failure to ascertain facts that could reasonably have been discovered* through the exercise of reasonable diligence. Accordingly, the allegations in the Amended Complaint are not subject to a Rule 9(b) analysis, and the Court's determination is limited to the standards governing Rule 12(b)(6).

*United Food*, 2010 WL 3527596 *4 (Smith Carney's selective quotation emphasized).

Clearly, the Court was drawing a distinction between the varying states of mind implicated by the federal securities laws. Contrary to Smith Carney's claim, this Court's statement does not transform Plaintiffs' § 11 claim into a claim for professional negligence under Oklahoma substantive law. Nor could it. No element of a § 11 claim, including those elements specific to claims against accountants, requires the pleading or proof of common law professional negligence. *See, e.g., id*. at *4; *In re Williams Sec. Litig.*, 339 F. Supp. 2d 1242, 1266 (N.D. Okla. 2003).

In sum, the contention that dismissal is required because Plaintiffs failed to comply with a requirement of Oklahoma substantive law as part of their federal securities

law claims is nothing less than fantastical.  Smith Carney has not presented a single authority actually supporting its assertion.  Rather, Smith Carney has cobbled together an argument by stacking one incorrect premise atop another.  Smith Carney's independent request for dismissal has no basis in law or fact and should be denied.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully submit that Smith Carney's motion to dismiss should be denied in its entirety.

Dated:  November 15, 2012

**KESSLER TOPAZ MELTZER & CHECK, LLP**

*/s/ Michael K. Yarnoff*
Michael K. Yarnoff
Margaret E. Onasch
Joshua A. Materese
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
*Counsel for Plaintiffs*

**NIX PATTERSON & ROACH, LLP**
Jeffery J. Angelovich, OBA No. 19981
Bradley E. Beckworth, OBA No. 19982
Brad Seidel
Susan Whatley, OBA No. 30960
Lisa Baldwin
205 Linda Drive
Daingerfield, TX  75638
Tel:  (903) 645-7333
Fax:  (903) 645-5389
*Counsel for Plaintiffs*

**NELSON, ROSELIUS, TERRY**
 **& MORTON**
Jason E. Roselius, OBA No. 16721
Derrick L. Morton, OBA No. 17934
P. O. Box 138800
Oklahoma City, Oklahoma 73113-8800
Tel: (405) 705-3600
Fax: (405) 705-2573
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Hugh A. Baysinger
Bradley Earl Beckworth
Harvey D. Ellis, Jr.
Joe M. Hampton
Andrew R. Harroz
Kenneth P. Held
Mack J. Morgan, III
Derrick L. Morton
Stephen L. Olson
Amy J. Pierce
Jason E. Roselius
Melanie W. Rughani
L. Mark Walker
Don S. Strong

I hereby certify that on this the 15th day of November, 2012, I served the attached document by U.S. Mail on the following, who are not registered participants of the ECF System:

Adam S. Hakki
Richard F. Schwed
Christopher R. Fenton
SHEARMAN & STERLING
599 Lexington Avenue
New York, NY 10022

                                            */s/ Michael K. Yarnoff*
                                            Michael K. Yarnoff