**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | ) | Case No. CIV-11-520-D |
| Plaintiffs, | ) | |
| v. | ) | |
| GMX RESOURCES INC., et al., | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Lead Plaintiff's Unopposed Motion to Certify the Settlement Class for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice and Set Date for Final Approval Hearing [Doc. No. 136].

The consolidated class action pending before this Court is captioned *Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System v. GMX Resources Inc.*, *et al.*, Case No. CIV-11-520-D (the "Litigation"). On March 25, 2014, Plaintiffs Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System (the "Lead Plaintiffs"), on behalf of themselves and each of the Settlement Class Members (as herein defined), and Defendants Ken Kenworthy, Jr., James Merrill, BBVA Securities, Inc., Capital One Southcoast, Inc., Credit Suisse Securities (USA) LLC, Fortis Securities LLC, Howard Weil Incorporated

(n/k/a Scotia Capital USA Inc.), Jefferies & Company, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Pritchard Capital Partners, LLC, Wedbush Morgan Securities Inc. and Smith Carney & Co. (collectively, the "Settling Defendants" and, together with Lead Plaintiffs, the "Settling Parties"), by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Litigation.

The Court has reviewed Lead Plaintiff's Motion, the record in the Litigation and the Stipulation, together with the exhibits attached thereto and incorporated by reference therein. For good cause shown, the Motion should be, and is hereby, GRANTED.

IT IS THEREFORE ORDERED as follows:

1. The Court, for purposes of this Order (the "Preliminary Approval Order" or "Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby preliminarily certifies, solely for purposes of effectuating the Settlement, pursuant to Federal Rule of Civil Procedure 23, a class consisting of all Persons who purchased or otherwise acquired GMX Resources Inc. ("GMX") common stock pursuant or traceable to the Company's May 2009 Offering or October 2009 Offering (the "Settlement Class"). Excluded from the Settlement Class are: (a) any putative members of the Settlement Class who submit valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees

and Expenses and Final Approval Hearing (the "Notice") and Rule 23 of the Federal Rules of Civil Procedure; and (b) the Settling Defendants; GMX; members of the immediate family of any such Settling Defendant; any parent or subsidiary of any such Settling Defendant; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Settling Defendant or GMX has or had a controlling interest; the partners, officers and directors of any Settling Defendant or GMX; and the legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person. The Settling Defendants or any entity in which any of the Settling Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in GMX's common stock. To the extent that a Defendant-Controlled Entity purchased any GMX common stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with respect to such fiduciary purchases.

3. Pursuant to Federal Rule of Civil Procedure 23 and for purposes of settlement only, the Court preliminarily certifies Lead Plaintiffs Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System as class representatives for the Settlement Class and appoints Lead Counsel Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP as class counsel for the

Settlement Class. Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

4. With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied as: (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (iv) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5. The Court hereby preliminarily approves: (i) the Settlement of the Litigation as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge

the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Litigation based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

6. The Court hereby approves the retention of Strategic Claims Services ("SCS") as the Claims Administrator in connection with the Settlement to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

i. No later than twenty (20) calendar days after entry of this Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to all members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of the Individual Defendants to provide the names of registered holders of GMX common stock as set forth in the Stipulation (the "Notice Date");

ii. A summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A-3, shall be published once in the national edition of *Investor's Business Daily* and over the Business Wire no later than ten (10) calendar days after the Notice Date;

iii. The Notice, the Summary Notice and the Proof of Claim shall also be placed on the Claims Administrator's website, on or before the Notice Date; and

iv. No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing and publication have been made in accordance with this Order.

7. The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Proof of Claim, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶ 6 of this Order meet the requirements of Rule 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

8. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired GMX common stock pursuant or traceable to the Offerings for the benefit of another Person. Those brokers and other nominees are directed to either: (i) send the Notice and Proof of Claim to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Proof of Claim to such beneficial owners

within ten (10) calendar days after receipt thereof. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

9. Pursuant to Fed. R. Civ. P. 23(e), a hearing (the "Final Approval Hearing") shall be held on July 31, 2014, at 9:30 a..m., in the United States District Court for the Western District of Oklahoma, the Honorable Timothy D. DeGiusti presiding, for the following purposes:

a. to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class;

b. to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

c. to finally determine whether, for purposes of effectuating the Settlement only, the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for purposes of settlement; to finally determine whether Northumberland County Retirement System and

Oklahoma Law Enforcement Retirement System should be certified as representatives for the Settlement Class; and to finally determine whether Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP should be appointed as counsel for the Settlement Class;

d. to finally determine whether the Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Litigation against the Settling Defendants on the merits and with prejudice and whether the various releases set forth in the Stipulation should be ordered;

e. to consider Lead Counsel's application for an award of attorneys' fees and expenses;

f. to consider Lead Plaintiffs' request for reimbursement of costs and expenses directly related to their representation of the Settlement Class; and

g. to rule on such other matters as the Court may deem appropriate.

10. The Court reserves the right to adjourn the Final Approval Hearing or any adjournment thereof, including the consideration of the application for an award of attorneys' fees and expenses to Lead Counsel or the request for reimbursement of costs and expenses to Lead Plaintiffs, or to change the location thereof, without further notice of any kind to Settlement Class Members.

11. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as may be consented to by the Settling Parties and without further notice to the Settlement Class. The Court further reserves the right to enter its Final Judgment approving the Stipulation and the Settlement and dismissing the

Litigation against the Settling Defendants, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or awards to Lead Counsel and Lead Plaintiffs.

12. Any member of the Settlement Class who wishes to object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses and/or Lead Plaintiffs' request for reimbursement of costs and expenses directly related to their representation of the Settlement Class must file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement such that it is received at least twenty-one (21) calendar days prior to the Final Approval Hearing. Any member of the Settlement Class who timely objects to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses and/or Lead Plaintiffs' request for reimbursement of costs and expenses directly related to their representation of the Settlement Class, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Final Approval Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless within twenty-one (21) calendar days prior to the Final Approval Hearing, such Person files with the Court and serves upon counsel listed below: (1) a statement of such Person's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider;

(3) whether that Person intends to present any witnesses and, if so, a description of the subject matter on which each witness will testify; and (4) proof of the Person's membership in the Settlement Class, which proof shall include the Person's purchases and/or acquisitions of GMX common stock pursuant or traceable to the Offerings and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and the following counsel:

***Lead Counsel for Lead Plaintiffs and the Settlement Class:***

Michael K. Yarnoff, Esq.
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087

Bradley E. Beckworth, Esq.
NIX PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638

***Designated Counsel for Settling Defendants:***

Kenneth P. Held, Esq.
SCHIFFER ODOM HICKS
& JOHNSON PLLC
700 Louisiana, Suite 1200
Houston, TX 77002

13. Any objector, whether a Settlement Class Member or any other authorized Person or governmental entity, who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the

Plan of Allocation, the potential request by Lead Counsel for an award of attorneys' fees and expenses, or any request by Lead Plaintiffs for reimbursement of costs and expenses in connection with representing the Settlement Class.

14. Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether or not they submit a valid and timely Proof of Claim and Release and are thereby entitled to share in the proceeds of the Net Settlement Fund, unless such Person(s) request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided: Any Person who wishes to be excluded from the Settlement Class may request exclusion by mailing the request in written form ("Request for Exclusion"), by first class mail, postage prepaid, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing to the Claims Administrator, at the Post Office Box indicated in the Notice. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and/or acquisitions of GMX common stock pursuant or traceable to the Offerings and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale; and (3) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

15. Any Settlement Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Proof of Claim to the Claims

Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. A Proof of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Defendants' Released Persons as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation. All Settlement Class Members who do not submit a valid and timely Proof of Claim shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

16. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Settling Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

17. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead Plaintiffs and all Settlement Class Members and their respective predecessors, successors, beneficiaries, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, are barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any of Defendants' Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any of the Released Claims (including, without limitation, Unknown Claims), as well as any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Litigation or the Released Claims. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the

contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. The Claims Administrator or the Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

19. The Court authorizes payment out of the Settlement Fund of Notice and Administration Expenses in accordance with the Stipulation.

20. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Settling Defendant, any member of the Settlement Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Lead Plaintiffs, any member of the Settlement Class, or any other Person, has or has not suffered any damage.

21. All motions and papers in support of the Settlement, the Plan of Allocation, any application by Lead Counsel for an award of attorneys' fees and expenses and any

request by Lead Plaintiffs for reimbursement of costs and expenses directly related to their representation of the Settlement Class, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Final Approval Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

22. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

23. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Settlement Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.

IT IS SO ORDERED this 21st day of April, 2014.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE