# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMX RESOURCES INC., et al.,<br><br>Defendants. | Case No. CIV-11-520-D |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Class Representatives' Unopposed Motion for Final Approval of Settlement [Doc. No. 141] and Memorandum of Law In Support Thereof [Doc. No. 142] (the "Final Approval Motion"). The Final Approval Motion seeks: (1) final certification of the Settlement Class for settlement purposes only; (2) final approval of the $2.7 million Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class; (3) a finding that notice to the Settlement Class satisfied the requirements of Fed. R. Civ. P. 23 and due process; and (4) approval of the plan for allocating the net settlement proceeds to the Settlement Class (the "Plan of Allocation").[1]

---

[1] Approval of the Plan of Allocation is addressed by separate order.

1

The consolidated class action pending before this Court is captioned *Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System v. GMX Resources Inc., et al.*, 11-cv-00520-D (the "Litigation").

The Class Representatives seek approval of the settlement set forth in the Stipulation and Agreement of Settlement dated March 25, 2014 [Doc. No. 137-1] (the "Stipulation") entered into by and between: (i) Plaintiffs, Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and each of the Settlement Class Members; (ii) defendants Ken Kenworthy, Jr. and James Merrill (collectively, the "Individual Defendants"); (iii) defendants BBVA Securities, Inc., Capital One Southcoast, Inc., Credit Suisse Securities (USA) LLC, Fortis Securities LLC, Howard Weil Incorporated (n/k/a Scotia Capital USA Inc.), Jefferies & Company, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Pritchard Capital Partners, LLC, and Wedbush Morgan Securities Inc. (collectively, the "Underwriter Defendants"); and (iv) defendant Smith Carney & Co. ("Smith Carney" and, together with the Individual Defendants and the Underwriter Defendants, the "Settling Defendants"), by and through their respective counsel.

On July 31, 2014, the Court conducted a Final Approval Hearing as provided in the Court's Order [Doc. No. 138] preliminarily approving the class action settlement. No objections have been made to the settlement and no objectors were present at the hearing.

The Court has considered the Class Representatives' Final Approval Motion, all papers filed in these proceedings, the presentations of counsel made at the July 31, 2014

hearing and the findings stated on the record at the hearing. For good cause shown and as more fully set forth herein, the Court finds the Final Approval Motion should be granted.

IT IS THEREFORE ORDERED as follows:

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation, and over all Settling Parties, including all members of the Settlement Class.

3. The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that: (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (iv) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, the desirability or undesirability of continuing the litigation of these

claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

    4.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of effectuating the Settlement only, the Court hereby certifies this Litigation as a class action on behalf of all Persons who purchased or otherwise acquired GMX Resources Inc. ("GMX") common stock pursuant or traceable to the Company's May 2009 Offering or October 2009 Offering (the "Settlement Class").  Excluded from the Settlement Class are:  (a) any putative members of the Settlement Class who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Final Approval Hearing (the "Notice") and Rule 23 of the Federal Rules of Civil Procedure; and (b) the Settling Defendants; GMX; members of the immediate family of any such Settling Defendant; any parent or subsidiary of any such Settling Defendant; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Settling Defendant or GMX has or had a controlling interest; the partners, officers and directors of any Settling Defendant or GMX; and the legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person.  The Settling Defendants or any entity in which any of the Settling Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in GMX's common stock.  To the extent

that a Defendant-Controlled Entity purchased any GMX common stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with respect to such fiduciary purchase(s).

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby finally certifies Lead Plaintiffs Northumberland County Retirement System and Oklahoma Law Enforcement Retirement System as class representatives for the Settlement Class and appoints Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP as class counsel for the Settlement Class.

6.  Notice has been given to the Settlement Class, pursuant to and in the manner directed by the Preliminary Approval Order; proof of the mailing of the Notice and publication of the Summary Notice was filed with the Court by Lead Counsel, and a full opportunity to be heard has been offered to all Settling Parties, the Settlement Class, and Persons in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and it is further determined that all members of the Settlement Class are bound by the Judgment herein.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiffs and the Settlement Class. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Settlement Class. The Court further finds that the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

8. The Litigation and all claims included therein, as well as all of the Released Claims (defined in the Stipulation and in Paragraph 9(b) below) are dismissed with prejudice as to Lead Plaintiffs and the other members of the Settlement Class, and as against each and all of Defendants' Released Persons (defined in the Stipulation and in Paragraph 9(a) below). The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. As used in this Judgment, the terms "Defendants' Released Persons," "Released Claims," "Released Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Defendants' Released Persons" means each and all of the Settling Defendants, each and all of their Related Persons and GMX. With respect to the Settling Defendants, "Related Persons" means each and all of their respective present and former

6

parents, subsidiaries, divisions, joint ventures, and affiliates, and each of their respective present and former employees, members, general and limited partners and their partnerships, principals, officers, directors, attorneys, advisors, accountants, auditors, financial advisors, commercial bank lenders, insurers, underwriters, investment bankers, representatives, and insurers; and the predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, fiduciaries, consultants, representatives and assigns of each of them, in their capacity as such; and any trust of which any Person described in this subparagraph is the settlor or which is for the benefit of any Person described in this subparagraph and/or member(s) of his or her family; and any entity in which any Person described in this subparagraph has a controlling interest.

(b)   "Released Claims" means any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or Unknown Claims (as defined below), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted against any and/or all Settling Defendants and any and/or all of Defendants' Released Persons in the Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise), whether individual or class, which arise out of, are based on, or relate in any way, directly or indirectly to (1) the purchase or acquisition of GMX common stock pursuant or traceable to the May 2009 Offering or the October 2009 Offering and (2) the acts, facts, statements, or omissions

7

that were or could have been alleged by Lead Plaintiffs in the Litigation. "Released Claims" excludes any claims asserted in any derivative action or ERISA action based on similar allegations or any claims to enforce the Settlement.

(c) "Released Defendants' Claims" means any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or Unknown Claims (as defined below), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Litigation or in any court, tribunal, forum or proceeding, by any of the Settling Defendants and/or Defendants' Related Persons, whether brought directly or indirectly against the Lead Plaintiffs, Settlement Class Members, their attorneys, and/or any of their Related Persons, which arise out of or relate in any way to the institution, prosecution, or Settlement of the Litigation. "Released Defendants' Claims" excludes any claims to enforce the Settlement.

(d) "Unknown Claims" means any Released Claims that Lead Plaintiffs or any Settlement Class Members do not know or suspect to exist—as well as any Released Defendants' Claims that Settling Defendants or any of their Related Persons do not know or suspect to exist—in his, her, or its respective favor at the time of the release, regardless of whether such Released Claim or Released Defendants' Claim, if known by him, her, or it, might have affected his, her, or its decision with respect to the Settlement and/or release of the claim. With respect to any and all Unknown Claims, the Settling Parties stipulate and agree that, upon the Effective Date, they shall expressly waive, and each of the Settlement Class Members and each of the Settling Defendants' Related

Persons shall be deemed to have waived (by operation of the Final Judgment), to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties shall expressly waive, and each of the Settlement Class Members and each of the Settling Defendants' Related Persons shall be deemed to have waived (by operation of the Final Judgment), any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Settling Parties, Settlement Class Members and/or the Settling Defendants' Related Persons may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and Released Defendants' Claims, but the Settling Parties shall expressly, and each Settlement Class Member and Settling Defendants' Related Persons, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without

malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Settlement Class Members and Settling Defendants' Related Persons shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

10.   Upon the Effective Date, with the exception of claims to enforce the Settlement, Lead Plaintiffs and each of the Settlement Class Members who have not validly requested exclusion from the Settlement Class, and their respective predecessors, successors, beneficiaries, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Defendants' Released Persons (whether or not such Settlement Class Members execute and deliver Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, with prejudice and on the merits, without costs to any party.

11.   Upon the Effective Date, with the exception of claims to enforce the Settlement, Lead Plaintiffs and each of the Settlement Class Members who have not validly requested exclusion from the Settlement Class, and their respective predecessors,

successors, beneficiaries, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any of Defendants' Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.  Plaintiffs and all Settlement Class Members, whether or not any such Person submits a Proof of Claim and Release, or otherwise shares in the Settlement Fund, on behalf of themselves and each of their respective predecessors, successors, beneficiaries, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, are hereby deemed by this Final Judgment to have released and forever discharged the Defendants' Released Persons from any and all of the Released Claims.

12. The Settling Defendants are discharged and/or released from all claims for contribution that have been or may be brought by or on behalf of any Persons relating to the Settlement of the Released Claims.  As of the Effective Date, any and all Persons are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or proceeding asserting any such claim for contribution.

13. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiffs, any Settling Defendant, any member of the Settlement Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Settlement Class, or any other Person, has or has not suffered any damage, or that that the Settlement Amount represents an amount which could be or would have been recovered after trial.

14. Any order approving or modifying the Plan of Allocation set forth in the Notice, the application by Lead Counsel for an award of attorneys' fees and expenses related to their representation of the Settlement Class shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

15. The Court finds, pursuant to 15 U.S.C. §78u-4(c)(1), that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Only those Settlement Class Members filing valid Proofs of Claim shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Settlement Class Members shall further

release all Released Claims against the Defendants' Released Persons. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

17. No Authorized Claimant shall have any claim against Lead Plaintiffs, Lead Counsel, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Settling Defendants, counsel for the Settling Defendants, or any of the Defendants' Released Persons with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Settlement Class Members.

18. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Person may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Litigation, the Lead Plaintiffs, the Settlement Class, and the Released Persons for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees and expenses related to their representation of the Settlement Class; and (3) supervising the distribution of the Settlement Fund.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 31st day of July, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE