# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

NORTHUMBERLAND COUNTY )
RETIREMENT SYSTEM and OKLAHOMA )
LAW ENFORCEMENT RETIREMENT SYSTEM, )  Case No. CIV-11-520-D
Individually and On Behalf of All Others Similarly )
Situated, )
)
Plaintiffs, )
)
v. )
)
GMX RESOURCES INC., et al., )
)
Defendants. )

## ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

Before the Court is the Class Representatives' Unopposed Motion for Approval of Attorneys' Fees and Litigation Expenses [Doc. No. 143] (the "Motion") and Memorandum of Law in Support Thereof [Doc. No. 144] (the "Memorandum"), wherein Lead Counsel seek an award of attorneys' fees constituting twenty-five percent (25%) of the $2,700,000 Settlement Amount, plus interest, and reimbursement of litigation expenses not to exceed $125,000, plus interest, to be paid out of the Gross Settlement Fund.

The Court has considered the Motion and Memorandum, all matters submitted in connection therewith and the proceedings on the Final Approval Hearing conducted on July 31, 2014. The Court finds the Motion should be granted.

IT IS THEREFORE ORDERED as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 25, 2014 [Doc. No. 137-1] (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Order Granting Final Approval of Class Action Settlement as if fully set forth.

3. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4. Notice of Lead Counsel's request for an award of attorneys' fees and litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for an award of attorneys' fees and reimbursement of litigation expenses is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. The Notice stated that Lead Counsel would seek an award of attorneys' fees in an amount not to exceed thirty percent (30%) of the Gross Settlement Amount and the reimbursement of Litigation Expenses in an amount not to exceed $125,000. In their Motion and Memorandum, Lead Counsel requested attorneys' fees of twenty-five percent

(25%) (less than the amount in the Notice), stated that its expenses incurred to date were $85,577,29 (less than the amount in the Notice), and requested reimbursement of any expenses actually incurred in the future not to exceed $125,000.

6.      Lead Counsel provided the Court with abundant evidence in support of their request for attorneys' fees and litigation expenses, including: (1) the Motion and Memorandum [Doc. Nos. 143-144]; (2) the Declaration of Layn R. Phillips [Doc. No. 140]; and (3) the Declaration of Bradley E. Beckworth and Michael K. Yarnoff on Behalf of Class Counsel [Doc. No. 145] and all exhibits thereto, including the Declaration of Ginger Poplin on Behalf of Oklahoma Law Enforcement Retirement System.  This evidence was submitted to the Court well before the objection and opt-out deadline, and none of the evidence was objected to or otherwise refuted by any Settlement Class Member.  Lead Counsel also submitted additional information in support of its request for attorneys' fees and litigation expenses at the Final Approval Hearing.

7.      Lead Counsel are hereby awarded $87,442.63 in reimbursement of Litigation Expenses, plus interest earned on this amount at the same rate as the Gross Settlement Fund.  The Court concludes Lead Counsel's expenses to date were necessary and reasonable to litigate and resolve the Litigation.  Lead Counsel submitted an expense chart and made further representations at the Final Approval Hearing demonstrating that all expenses were reasonable and were actually incurred in the prosecution of this Litigation on behalf of the Settlement Class.  Further, to the extent Lead Counsel incur reasonable and necessary expenses above this amount, but not exceeding the noticed amount of $125,000 throughout the remainder of the Litigation, they are entitled to

reimbursement for such expenses without the need for further motion or order from this Court. Lead Counsel are hereby awarded attorneys' fees in the amount of 25% of the Gross Settlement Fund, plus accrued interest. The Court finds the foregoing award of fees and expenses is fair and reasonable and shall be paid to Lead Counsel from the Gross Settlement Fund in accordance with the terms of the Stipulation. The distribution among Plaintiffs' Counsel of attorneys' fees shall be within Lead Counsel's sole discretion.

8. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Gross Settlement Fund, the Court makes the following findings of fact and conclusions of law in addition to those set forth above:

(a) The Settlement has created a fund of $2.7 million in cash. Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were involved in the prosecution and resolution of the Litigation;

(c) Copies of the Notice were mailed to over 16,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and reimbursement of litigation expenses incurred by Lead Counsel in connection with the prosecution and resolution of the Litigation in an amount not to exceed $125,000, plus interest. There were no objections to the requested award of attorneys' fees and expenses;

(d) Lead Counsel have conducted the Litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Litigation involves complex factual and legal issues and was actively prosecuted for over three years;

(f) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from the Settling Defendants;

(g) Lead Counsel devoted substantial time and resources to achieve the Settlement;

(h) In the Tenth Circuit, the preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method. *CompSource Okla. v. BNY Mellon, N.A.*, No. CIV-08-469-KEW, 2012 U.S. Dist. LEXIS 185061, at *22-23 (E.D. Okla. Oct. 25, 2012); *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994) ("In our circuit . . . *Uselton* implies a preference for the percentage of the fund method.") *citing Uselton v. Commercial Lovelace Motor Freight*, 9 F.3d 849 (10th Cir. 1993). Under the percentage of the fund method, an appropriate fee is equal to a reasonable percentage of the common fund. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988);

(I) Under this approach the trial court evaluates the reasonableness of the requested percentage by analyzing the applicable factors contained in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d 451. The *Johnson* factors include:

> the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

*Gottlieb*, 43 F.3d at 483 n.4 (citing *Johnson*, 488 F.2d at 717-19);

(j)     Although the Court must assess the reasonableness of the fee under the *Johnson* factors, rarely will all of the *Johnson* factors be applicable in a common fund case. *Uselton*, 9 F.2d at 854 (quoting *Brown*, 838 F.2d at 456);

(k)     As set forth in the Memorandum, most, if not all, of the *Johnson* factors support Lead Counsel's fee request here;

(l)     An award of twenty-five percent (25%) of the settlement value is well within the range of acceptable fee awards around the nation in common fund cases. *See, e.g., Brown*, 838 F.2d at 455 n.2; *see also* 4 Newberg On Class Actions § 14:6 (4th ed. 2002) ("fee awards in class actions average around one-third of the recovery.");[1]

(m)     Lead Counsel's request of 25% of the $2.7 million Settlement Amount is well within the acceptable range of attorneys' fees approved by Oklahoma

---

[1] Counsel estimate "they have collectively expended over 2,000 hours of attorney and professional support staff time on the prosecution and resolution of this matter. *See* Declaration of Bradley E. Beckworth and Michael K. Yarnoff on Behalf of Class Counsel [Doc. No. 145] at ¶35. At the Final Approval Hearing, counsel represented to the Court that the great majority of this time was attorney hours. The Court is not required to conduct a lodestar assessment of the hours versus a reasonable hourly rate. Nonetheless, even if such an assessment were made, the Court would reach the same conclusion that the requested fees are reasonable.

federal courts as being fair and reasonable in contingent fee class action litigation such as this. *See* Declaration of Layn R. Phillips [Doc. No. 140] at ¶14;

(n)     The market rate for Lead Counsel's legal services also informs the determination of a reasonable percentage to be awarded from the common fund as attorney fees. *Millsap v. McDonnel Douglas Corp.*, No. 94-CV-633-H(M), 2003 U.S. Dist. LEXIS 26223, at *26 (N.D. Okla. May 28, 2003);

(o)     Each Lead Plaintiff negotiated at arm's-length and agreed to a 25% contingency fee at the outset of this litigation, reflecting the value Lead Plaintiffs placed on the future success of this Litigation. Additionally, both Lead Plaintiffs endorsed the 25% fee request as fair and reasonable; and

(p)     Judge Layn R. Phillips, who mediated the Settlement and is familiar with the strengths and weakeness of the parties' claims, stated his opinion that Lead Counsel's request for a 25% fee is fair and reasonable under the specific facts and circumstances of this case. *See* Declaration of Layn R. Phillips [Doc. No. 140] at ¶14.

9.     Any appeal or any challenge affecting this Order Awarding Attorneys' Fees and Litigation Expenses shall in no way disturb or affect the finality of the Judgment, the Stipulation or the Settlement contained therein.

10.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11.     There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 31st day of July, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE