IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTHUMBERLAND COUNTY RETIREMENT SYSTEM and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>v.<br><br>GMX RESOURCES INC., et al.,<br><br>  Defendants. | Case No. CIV-11-520-D |

## ORDER AUTHORIZING
## DISTRIBUTION OF THE NET SETTLEMENT FUND

WHEREAS, by its Order Granting Final Approval of Class Action Settlement dated July 31, 2014 [Doc. No. 148] and its Order Approving Plan of Allocation of Net Settlement Fund dated July 31, 2014 [Doc. No. 149] in the above-captioned litigation (the "Litigation"), this Court approved the terms of the Stipulation and Agreement of Settlement dated March 25, 2014 [Doc. No. 137-1] (the "Stipulation") and the plan for allocating the net settlement proceeds to eligible Settlement Class Members (the "Plan of Allocation"), respectively; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $2,700,000 cash settlement proceeds were deposited into an escrow account maintained by The Huntington National Bank for the benefit of the Settlement Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Final Approval Hearing ("Notice"), the deadline for Settlement Class Members to submit Proof of Claim and Release Forms ("Claim Forms") to the claims administrator for the Settlement, Strategic Claims Services ("SCS"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed; and

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who submitted Claim Forms that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency or rejection, by requesting a further review of their claim; and

WHEREAS, the process of reviewing all Claim Forms has been completed; and

WHEREAS, Class Representatives, through their counsel, now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order (the "Net Settlement Fund"); and

WHEREAS, this Court has retained jurisdiction of this Litigation for the purpose of considering any further application or matter which may arise in connection with the

administration and execution of the Settlement and the processing of Claim Forms and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, after reviewing: (1) the Declaration of Josephine Bravata Concerning Administrative Procedures Performed to Process Claims and the Results Thereof (the "Bravata Declaration") submitted on behalf of SCS [Doc. No. 154]; (2) the Unopposed Motion [Doc. No. 152] and Memorandum in Support of Class Representatives' Unopposed Motion for Distribution of the Net Settlement Fund [Doc. No. 153]; (3) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and the Bravata Declaration submitted herewith; and it is further

ORDERED, that the administrative determinations of SCS accepting the timely submitted claims as indicated on the list of timely properly documented claims described in the Bravata Declaration (i.e., Exhibit B-1 to the Bravata Declaration), calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of SCS accepting the late submitted claims (i.e., claims submitted after September 8, 2014 and prior to September 16, 2015) as indicated on the list of late properly documented claims described in the Bravata Declaration (i.e., Exhibit B-2 to the Bravata Declaration), calculated pursuant to

the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of SCS rejecting the claims as indicated on the lists of rejected and ineligible claims described in the Bravata Declaration (i.e., Exhibits D and E to the Bravata Declaration), including Claim Number 51, are hereby approved, and said claims are hereby rejected; and it is further

ORDERED, that any claims received after September 16, 2015 and any responses to deficiency and/or rejection notices received after September 16, 2015 be rejected as untimely; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits B-1 and B-2 to the Bravata Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such exhibits; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and SCS are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement Fund; and it is further

ORDERED, that, any funds remaining in the Net Settlement Fund six (6) months following the Initial Distribution, by reason of uncashed checks or otherwise, and after SCS has made reasonable and diligent efforts to have Authorized Claimants cash their checks, shall be used: (i) first, to pay any amounts mistakenly omitted from the Initial Distribution to Authorized Claimants; (ii) second, to pay any additional costs incurred in administering the Settlement; and (iii) finally, to make a Second Distribution to Authorized Claimants who cashed their check from the Initial Distribution and who would receive at least $10.00 from such Second Distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this Second Distribution; and it is further

ORDERED, that, to the extent there is a remaining balance in the Net Settlement Fund following the Second Distribution, if undertaken, and after SCS has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the Settlement cash their checks, such funds shall be donated to a non-profit charitable organization(s) selected by Lead Counsel; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that, except where otherwise prescribed by law, all Persons involved in the review, verification, calculation, tabulation, or any other aspect of the

processing of the claims submitted in this Litigation, or who are otherwise involved in the administration or taxation of the Settlement Fund, or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that one (1) year after the distribution of the Net Settlement Fund, SCS is authorized to follow its internal document retention policy, and is permitted to discard documents relating to this Litigation in accordance with that policy; and it is further

ORDERED, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Litigation.

IT IS SO ORDERED this 5th day of May 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE